**BASTIAN, Plaintiff-Appellant, v. BASTIAN, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24686. Decided July 15, 1959.

 ██

Louis P. Fernberg, Jr., for plaintiff-appellant.
Ernest E. Fabian, for defendant-appellee.

(Judges of the Ninth District sitting by designation in the Eighth District.)

## OPINION
By HUNSICKER, J.

Robert Bastian, the appellant, was married to Jacqueline Bastian. To this union one child was born, named Robert D. Bastian, Jr. This child is now 11 years of age. The parents of Robert, Jr., were divorced on October 10, 1952. The judgment of divorce provided that the separation agreement of the parties be made a part of such judgment.

The separation agreement provided, among other things, that:

"Item 1. The first party (Robert D. Bastian) is hereby granted the sole and absolute custody, control and education of their minor child, Robert D. Bastian, Jr., provided however, that as and when the second party (Jacqueline Bastian) obtains adequate and proper living quarters and is able to properly care for their aforesaid minor child, then said second party shall have the custody, care, support and education of said minor child * * *."

On March 12, 1958, Jacqueline Bastian (now Mrs. Stash, because of her remarriage after the divorce) filed her motion to modify the custody and support order theretofore entered. In this motion Mrs. Stash asked for the sole custody of Robert, Jr., and an allowance for the support of the child.

On March 13, 1958, Robert D. Bastian, the father of Robert, Jr., filed his motion for an order awarding him full care and custody of the son, saying that it was for the "best interests of said minor child that he remain in the care, custody and control of the plaintiff (Robert D. Bastian) herein."

On July 26, 1958, these motions were heard by the Court of Common Pleas of Cuyahoga County, and an order of modification of the original judgment, respecting care of the minor child, was approved by the trial judge and filed with the clerk for journalization on August 27, 1958. This judgment of modification said, in part, as follows:

"* * *

"The court further finds that by order of this court heretofore rendered, the custody of the minor child of the parties was awarded to the plaintiff subject to the terms of a separation agreement approved by the court.

"The court further finds that there are no changed conditions or circumstances which would justify the court in modifying or changing the previous order of this court based upon the agreement of the parties.

"The court further finds that the conditions imposed by the said order and separation agreement with respect to the transfer of custody of the minor child Robert to the defendant during the normal school year have been met, and that the defendant now has 'obtained adequate and proper living quarters and is able to properly care for their minor child.' "

From the judgment of modification entered on August 27, 1958, Robert D. Bastian perfected an appeal to this court on questions of law, saying the trial court erred:

"1. * * * in changing the custody of the minor child from the appellant to the appellee without an affirmative showing by evidence, direct or circumstantial, that it would be to the best interest of the minor child to effect such change."

And:

"2. * * * in rendering a verdict for the appellee, said verdict being contrary to law and manifestly against the weight of the evidence."

The trial judge listened to considerable testimony in the hearing on the motions, and then, at the conclusion, said, in part:

"You both are aware that the Domestic Relations Bureau made an exhaustive investigation in this matter.

"They have made a comprehensive report and a recommendation in this matter. After hearing all of the facts, I am satisfied that the father of the boy is an exemplary person, and that the stepmother is a fine lady, and that the grandmother of the boy has been a wonderful mother, and grandmother, to the boy, and that she has exerted every effort to make a very pleasant home for the boy, and if I weren't bound by the rules of law, I think I would waste no time in this matter in retaining custody of this boy in the father.

"However, there is a separation agreement. The court has no control over the language of that separation agreement which was incorporated in the decree in the original divorce."

The principal problem we have herein is to determine to what extent a trial court that approved a separation agreement, thereafter adopted as a part of the judgment in a divorce, alimony and custody action, which agreement contained a provision regarding the custody of a minor child, is bound by the terms of that agreement, in a subsequent hearing on a motion to modify the provisions of the judgment entry.

It has long been the rule in this state that a trial court, which grants an order of custody in a divorce action, retains continuing jurisdiction over matters relating to the custody, care and support of the minor children involved in such order; and such continuing jurisdiction is retained regardless of any express reservation in the original decree. **Corbett v. Corbett, 123 Oh St 76; Van Divort v. Van Divort, 165 Oh St 141; Hoffman v. Hoffman, 15 Oh St 427.**

The trial court herein recognized that it had the right to a con-

tinuing jurisdiction in the matter of the custody of Robert, Jr.; however, that court believed that it was bound by the agreement of the parties, and hence could not exercise any discretion in the matter of future custody.

It is apparent that the trial judge believed that, when Mrs. Stash obtained "adequate and proper living quarters and is able to properly care for" Robert, Jr., his authority in the matter of custody was concluded.

We cannot agree to such a determination. The pole star in all custody matters between parents is, what is for the best interests of the child whose custody it is sought to change, subject, however, to the rule that where a court has once decreed that a home with one of the parents is fit and proper, no subsequent change of custody should be made, unless there has intervened such changed conditions affecting the welfare of the child that a change of custody is required to promote the best interests of that child. See: §3109.04 R. C.; **Ludy v. Ludy, 84 Oh Ap 195; Harper v. Harper, 98 Oh Ap 359.**

In the case of **Arnold v. Arnold, 67 Oh Ap 282,** the court said:

"3. The fact that the parties, at the time of the divorce decree, entered into an agreement as to the custody of the minor child, which agreement was incorporated in and made a part of the decree, does not preclude the court from modifying the order relative to the child's custody."

Agreements, with respect to the support of children, are provided for by §3103.06 R. C., but neither in that section, nor in the chapter on Infants, **Chapter 3109 R. C.,** is there provided a section permitting parents to agree with respect to the custody of their minor children. It has been a general practice in divorce and alimony cases to agree with respect to all phases of the separation, including that of custody of the children. We believe, however, that such an agreement respecting custody cannot abrogate the responsibility of the court to determine, as between the parents, that which is for the best interest and welfare of the children. This duty of the court is most frequently discharged by accepting as its order that to which the parties have agreed.

The legislature of this state has spoken, in §2111.08 R. C., with respect to the fact that the parents are the joint natural guardians of their minor children, and both are equally charged with their care, nurture, welfare and education. Generally, it is only when unfortunate circumstances occur within the family that the question of custody is brought into a court of competent jurisdiction. It is only under such conditions that the law permits a judicial interference with the natural rights of the parents; and then nothing that the parents do, in the matter of agreement for custody, can usurp the duty of the court to determine, as between the parents, that which is for the best interest of the children so situated.

We therefore determine herein that the trial court erred to the prejudice of the appellant, Robert D. Bastian, when it came to the conclusion that, regardless of the welfare of the child, Robert, Jr., the court was bound by the agreement entered into by the parents six years previous to the motion to modify the custody.

The judgment herein must therefore be reversed, and the cause remanded for further proceedings.

Judgment reversed, and cause remanded to the trial court.

DOYLE, PJ, STEVENS, J, concur.