VENABLE, APPELLEE, *v.*
VENABLE, APPELLANT.

(Nos. 43280 and 43402—Decided
July 9, 1981.)

*Ms. Carole R. Turoff,* for appellee.
*Mr. William Louis Tabac,* for appellant.

PATTON, P.J. The instant appeal involves the custody of the parties' two minor children subsequent to their divorce which took place in November 1972. The appellant was awarded custody of the two minor children by agreement of the two parties journalized in the Domestic Relations Division of the Cuyahoga County Court of Common Pleas.

Three years later, in 1975, the appellee sought to change the custody award by filing a motion to modify custody. A hearing was held before a referee. Subsequently, evidence was also taken before the trial judge. The court concluded that the appellee had not proved a sufficient change of circumstances and denied the appellee's motion. In 1979, a motion to reconsider was filed by the appellee. This motion was also denied in a final order issued on November 2, 1979. That decision was appealed to this court. The decision was affirmed.

On February 22, 1980, the appellee again filed a motion to modify custody based on the oldest daughter's right to an election at twelve years of age pursuant to R.C. 3109.04.[1] The motion was also based upon the consideration of the preference of the youngest daughter who

---

[1] R.C. 3109.04 provides, in pertinent part:

"(A) Upon hearing the testimony of either or both parents and in accordance with sections 3109.21 to 3109.36 of the Revised Code, the court shall decide which of them shall have the care, custody, and control of the children, taking into account that which would be for their best interest, except that any child twelve years of age or more may be allowed to choose the parent with whom the child is to live unless the court finds that the parents [*sic*] so selected is unfitted to take charge or unless the court finds, with respect to a child twelve years of age or older, that it would not be in the best interests of the child to have the choice. * * *"

was eleven years of age at the time of the motion.

After the motion for a change of custody was filed seeking an election and preference pursuant to R.C. 3109.04, the appellant filed a motion to abate continuing jurisdiction of the trial court over the children of the parties. The trial court overruled his motion and appellant appealed the decision. This court dismissed the appeal because the order was not a final and appealable order.

On December 16, 1980, the case was remanded to the trial court, which assigned it to a referee in the domestic relations division. When the matter was called, the appellant and his counsel and the appellee and her counsel were present. However, the children of the parties were not present. The referee ordered the case continued to December 22, 1980, so the appellee would be able to file subpoenas to insure the children were present at the next hearing.

On December 18, counsel for the appellant filed a motion to quash the subpoenas. The appellant's grounds were that the subpoenas compelling the children's presence would violate the appellant's right to family privacy under the Fourteenth Amendment. On December 22, the trial court denied the appellant's motion to quash and ordered the sheriff to bring the children to court. The trial judge, on oral motion of the appellee's counsel, issued and filed a body attachment for the appellant for refusing to produce the children at the hearing. The appellant was found to be in contempt of court and was picked up by the sheriff's office and confined for a night in the county jail.

The appellant filed an appeal of the order denying the motion to quash the subpoenas. The appeal was dismissed as improper in form by this court.

On December 23, with all parties present, the elections and preferences of the children were examined and the appellee's motion to show cause was heard. At this hearing, the appellant moved for a stay of proceedings at the trial level pending a determination by the court of appeals of the jurisdictional questions. The motion was overruled by the trial court and the hearing was held.

On December 23, the trial court set forth its order granting the motion to modify custody pursuant to the elections and preferences of the minor children. The original custody order was modified in the following manner: (1) the custody of the two children was transferred to the appellee; (2) the appellant was ordered to pay the appellee child support; and (3) the appellant was given specific times in which to visit his children.

The appellant filed a motion for stay of execution in the court of appeals and this court denied the motion.

The appellant then filed a timely notice of appeal from the order of the trial court changing custody. The appellant asserts three assignments of error:

"I. By overruling appellant's motion to abate continuing jurisdiction and thereby subjecting appellant to the further continuing jurisdiction of the court of domestic relations, the trial court abridged appellant's right of family privacy in violation of the fourteenth amendment.

"II. By ordering appellant to produce his children in court to state as the sole ground for modifying his custody a preference and an election pursuant to R.C. 3109.04, and by then modifying appellant's custody on that basis, the trial court denied to appellant the equal protection of the laws in violation of the Fourteenth Amendment.

"III. The trial court erred when it proceeded to modify custody after appellant had perfected an appeal to this court of orders based on a motion challenging the jurisdiction of the trial court to modify custody."

## I

The appellant urges this court to find the continuing jurisdiction exercised by the common pleas court over children who are the subject of custody proceedings resulting from divorces, a violation of his constitutional rights. We find no merit in the appellant's argument.

The jurisdiction of the common pleas court to entertain all questions concerning the custody of a child whose parents went through divorce proceedings is well-established. See *Trickey* v. *Trickey* (1952), 158 Ohio St. 9 [47 O.O. 481]. There are logical and practical reasons for the court's continuing jurisdiction following the resolution of the divorce proceedings. The court has found that custody disputes between parents raise a great amount of emotional fervor in parties to the legal proceeding. This makes the trial court's job more difficult and the participants frequently irrational. Consequently, there is a firm logic that the court which first becomes involved in resolving these drawn-out problems should be the one which determines the merits of subsequent disputes arising from those issues.

Many, if not most, contested custody proceedings generate one or more requests for post-divorce custody, visitation or child support modifications. The court best suited to determine the merits of those motions is the court which has access to the files and facts upon which the case was determined in the original judgment. It is also in the interests of society to have competent people who deal with that area on a constant basis. We find no case law indicating that the continuing jurisdiction of the court infringes on the rights of the individuals involved. The continuing jurisdiction is designed to reduce the time, expense and effort needed to modify a custody, visitation or child support decision. R.C. 3109.04 has been set forth by the General Assembly to facilitate those modifications on custody issues.

The appellant argues that he has a right to "family privacy or integrity" and that the continuing jurisdiction of the court interferes with those "rights." He points out that his custody may be interrupted through the use by the other parent of the court's continuing jurisdiction. We find the argument of the appellant hollow and narrow-minded. The viewpoint of the appellant's position is taken entirely from one perspective. He uses the alleged right of family privacy as an accommodating rationale to preserve the original award of custody. However, because circumstances upon which custody decisions are made fluctuate and evolve over time, the continuing jurisdiction of the court is essential in child custody proceedings.

There is no debate that the custodial parent has a strong, important interest in his children. The statutory scheme promotes the stability of the bond between the custodial parent and his children. This is most easily demonstrated by the criteria used in change-of-custody cases. For a court to find a change of custody, the trial court is required to find a change of circumstances subsequent to the prior custody award. *Ross* v. *Ross* (1980), 64 Ohio St. 2d 203 [18 O.O.3d 414]; *Palladino* v. *Palladino* (1971), 27 Ohio St. 2d 175 [56 O.O.2d 108]; *Trickey* v. *Trickey*, *supra*.

However, there are other individuals in custody proceedings who have rights equal to, and to one extent higher than, the custodial parent. The noncustodial parent has a right to see and establish a relationship with the children. More importantly, the children themselves have the paramount interest in the custody proceedings because it is their lives that are being shaped and decided. This court has repeatedly held:

"The pole star in all custody matters between parents is, what is for the best interests of the child whose custody it is sought to change * * *." *Bastian* v. *Bastian* (1959), 81 Ohio Law Abs. 408, 411 [13 O.O.2d 267]. See, also, *Gishwiler* v. *Dodez*

(1855), 4 Ohio St. 615, for a traditional viewpoint, and, more recently, *Ross* v. *Ross, supra,* reaffirming this holding.

Therefore, the custodial parent's rights to the custody of his children are not carved in stone. On the contrary, the rights of the custodial parent, while given the benefit of the doubt for purposes of stability, *Whaley* v. *Whaley* (1978), 61 Ohio App. 2d 111 [15 O.O.3d 136], are tempered by the best interests of the children and the rights of the other parent. There is no constitutional right which allows the appellant to dominate his children and their rights and the non-custodial parent's rights totally without any limitation. Any change of custody pursuant to R.C. 3109.04(B) can only be made where the harm caused by the change is outweighed by the advantages. *Whaley* v. *Whaley, supra,* at paragraph two of the syllabus.

The importance of the state's interest in attempting to establish a custody arrangement in the best interests of the child is an important and rational basis upon which the continuing jurisdiction of the court is founded. The balancing of the parties' rights are ever present throughout the system governing custody proceedings. We find nothing capricious or arbitrary in the continuing jurisdiction of the domestic relations division of the common pleas court and its implementation of R.C. 3109.04, that affects the rights of the appellant guaranteed by the Fourteenth Amendment of the United States Constitution.

The appellant's first assignment of error is without merit.

## II

The appellant's second assignment of error asserts that the modification of custody of his children solely on the basis of their election under R.C. 3109.04(A) and preference under R.C. 3109.04(C)(2) has denied him the equal protection guaranteed under the Fourteenth Amendment.

The legislature has deemed the preference or election of a child as to which parent he chooses to live with is a factor important to the decision of a trial judge in establishing the custody of that child. The child's mental capacity, maturity and intelligence are essential elements of the trial court's consideration of that opinion. The legislature has provided specific age guidelines for an election by the child and for a preference. The age of twelve has been determined to be the general age at which a child can make an election on a mature and intelligent basis. The age of eleven has been deemed to be an appropriate age for the court to solicit a preference from the child concerning which parent the child desires to live with. The ages established by the legislature are guidelines and they are given with the knowledge that all children do not mature and develop at the same rate.

The original G.C. 8033 stressed the importance of a child's preference so strongly that it required that the preference be mandatorily applied. The pertinent part of the statute which was interpreted to be mandatory in nature read as follows:

"* * * except that, if such children be ten years of age or more, they *must be allowed to choose* which parent they prefer to live with, unless the parent so selected, by reason of moral depravity, habitual drunkenness or incapacity, be unfitted to take charge of such children * * *." (Emphasis added.)

On January 1, 1946 (see 121 Ohio Laws 557, 568), the legislature amended the provisions of G.C. 8033. The amendments no longer made it mandatory to follow the preference of the child ten years of age and older, even when the court determined that the parent chosen to be the custodial parent was not unfit by reason of moral depravity, habitual drunkenness or incapacity. The statute was substantially changed. The mandatory word "must" in "allowed to choose which parent they prefer to live

with" was changed to the permissive "may." The age of the choice was changed from ten to fourteen and the statutory definition of "unfitted" was eliminated.[2] *In re Smelser* (1969), 51 O.O. 2d 31, 33.

Due to the changes made to the statute, the courts are no longer mandatorily bound by the preference of the child if they feel other circumstances indicate it is not in the best interests of the child. Prior to the changes in the statute, the only circumstances in which a court would be able to deviate from the eligible child's preference was when the court found the parent to be unfit to take charge of the child. The statute now allows the court to diverge from the eligible child's preference where both parents are found to be suitable parents capable of taking charge of the child.

The court is not free to disregard the selection of the eligible child but it must consider the best interests of the child as the paramount consideration. If after an evaluation of all the circumstances the trial judge finds that the harm caused by the change of custody outweighs the advantages of such a change, then the trial court does not have to accede to the wishes of the child.

The children who had no input into the decision of the parents to get a divorce are allowed to express their limited right to choose the parent they feel the most comfortable with. The appellant asserts that the preference by an eleven-year-old child is an arbitrary and capricious act that destroyed the appellant's family integrity. He further argues that, because the appellant was the custodian of the girls for more than eight years, his rights were greater than those of appellee.

We find no merit in this aspect of the appellant's argument. Family integrity is not bound by the domination of one custodial parent. A family is formed through the consensus of all the parties involved; the parents, and the children to a limited extent. The opinion of the children, limited in many other ways, is given weight when the question of their best interests is raised. The choice of the children to express which parent they desire to live with is one that could not be reached by the trial court regardless how much other circumstantial evidence was obtained. It is usually the most crucial evidence obtained in the custody decision. The preference of the child is something the court has to ask all children of the age of eleven years, in order to comply with R.C. 3109.04(C)(2). An election, R.C. 3109.04(A), is made by all children twelve years or older. In such a humanly necessary, yet imperfect, system of choosing the custodial parent, the opinion of the child is deemed to be a prime consideration in determining that child's best interests. We find no merit in the appellant's argument that the child's preference as set forth by R.C. 3109.04(C)(2) impinges upon his constitutional right. It is one part of the question addressed by the sound discretion of the trial court, with limitations in his discretion set forth in R.C. 3109.04.

In an original action for a divorce or dissolution of a marriage the preference of the eligible child is crucial for the selection of the custodial parent. At that point in time, if the parents are both fit and suitable, then the preference of the child should be the major component of a trial judge's determination of the best interests of the child.

However, it is obvious the legislature saw the pragmatic danger in allowing a fourteen-year-old child to have the sole discretion as to which parent he desires to live with if both are suitable parents. As indicated earlier in the opinion many

---

[2] G.C. 8033 evolved into what is now R.C. 3109.04 through a series of amendments. The age of choice is now twelve for an election (R.C. 3109.04[A]), and eleven for a preference (R.C. 3109.04[C][2]).

divorce actions containing a custody contest will generate post-divorce custody modification motions similar to the instant case. In a situation where the custody of the child is being continually pursued by the parent who does not have custody, the preference of the child is important but is subject to the persuasiveness of the parents. Many situations find parents competing for the affections of their child in an attempt to convince the child to elect to have him/her as the custodial parent. This can present problems for parents attempting to discipline children at a naturally rebellious age. It can also provide leverage for children pitting their parents' affections against one another for favors. These side effects can harm the parent attempting to instill discipline in his child.

It can also be foreseen that a child could make an election several different times if he so chooses if the courts had a mandatory duty to accede to the wishes of the eligible child when both parents are suitable and fit. To prevent this from occurring the trial court is permitted to deny the wishes of the child when conditions indicate it is not in the best interests of the child and the benefits of the custody change would not counterbalance the harm of such a change. The trial court has broad discretion in dealing with matters of custody. *Ross* v. *Ross, supra,* at 208. This decision by a trial judge is within that discretion.[3]

This court cannot accept the decision of the trial court in the instant case. Upon a review of the journal entry, it appears that the trial court found, as a matter of law, that the court had to accede to the wishes of the twelve- and eleven-year-old children. This court must presume both parents were fit to take charge of the children, as the journal entry does not in-

dicate otherwise. Nor can this court determine from the record whether the court considered other factors of the custody change beyond the preference and election of the children.

The record and journal entry before this court do not indicate any other circumstances which demonstrate that the benefit of the custody change outweighs the detrimental aspects of the change. To determine the best interests of the child in an action where one parent is seeking to modify custody and both parents are deemed to be suitable and fit, the trial court must look to the totality of the circumstances surrounding the change when the child has expressed a preference or election pursuant to R.C. 3109.04. An indication that full consideration of the child's preference and of the facts surrounding the decision must be made in the record; otherwise this court has no record of evidence to indicate that the trial court did not merely accept the child's selection of a custodial parent. The evidence necessary to negate the child's election must be substantial. However, it is possible that even where a parent is not unfit and notwithstanding the child's preference, the court may find that a change of custody of the child to such parent is not in the child's best interests. To reiterate, the paramount consideration is what is in the best interests of the child in a change of custody matter. *Ross* v. *Ross, supra.*

In light of the erroneous legal conclusion in the journal entry, we find the appellant's second assignment of error to be well taken insofar as the trial court erred in concluding the court must accede to the preference or election of the child without considering the totality of the circumstances surrounding the welfare of the child.

---

[3] This opinion follows the holding of *In re Smelser, supra,* which distinguished the often-quoted *Dailey* v. *Dailey* (1945), 146 Ohio St. 93 [32 O.O. 29], on the basis of the January 1946 amendments to G.C. 8033. The main substance of the statute has not changed significantly since.

### III

The appellant's final assignment of error urges this court to determine that the trial court did not have jurisdiction over the cause of action determined by the December 23 hearing. The basis of the appellant's argument is that the notice of appeal filed pursuant to the December 22 order of the trial court overruling the appellant's motion to continue to quash subpoenas and for a definitive order withdrew the authority from the trial court to proceed on the instant matter. We find no merit in the appellant's assertion.

The notice of appeal, like the several filed prior to December 22, 1980, was filed on interlocutory orders for the purpose of delaying the action. There is definitive case law on the question of whether a motion to quash subpoenas is a final appealable order. The question was answered in *Lantsberry* v. *Tilley Lamp Co.* (1968), 14 Ohio St. 2d 41 [43 O.O.2d 111]. The Ohio Supreme Court firmly held that the overruling of a motion to quash is not a final and appealable order.

It is equally well-established that interlocutory orders such as a motion for a continuance and for a more definite answer are not final appealable orders. See *Klein* v. *Bendix Westinghouse Co.* (1968), 13 Ohio St. 2d 85, 88-89 [42 O.O.2d 283].

The appellant's third assignment of error is without merit.

The judgment of the lower court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed.*

KRENZLER and DAY, JJ., concur.

DAY, J., concurring. I concur in the judgment but add these few words to explain my understanding of the legal effect of the decision.

First, the best interest of the child is the prime consideration in any custody case.

Second, preference and election, where applicable, are important considerations in the custody decision but are not controlling per se.

Third, to the degree the trial court applied preference and election on a per se or compelling basis, it was in error.

Finally, I would not characterize appellant's counsel's argument as "hollow and narrow-minded." To me, it seems more accurate to call it ingenious but mistaken.