## Hayes v. Hayes
### [Cite as 7 AOA 40]

Case No. 1266
Darke County, (2nd)
Decided October 24, 1990

Scott D. Rudnick, 121 West Third Street, Greenville, Ohio 45331 for Plaintiff-Appellant.

Daniel C. Schipfer, Jr., 507 South Broadway, Greenville, Ohio 45331 for Defendant-Appellee.

GRADY, J.

In this appeal we are asked to determine whether the trial court erred in granting temporary and permanent change of custody of two twelve year old children upon their election to live with their father, Appellee Arthur Hayes, Jr., rather than their mother, Appellant Sandra Lee Hayes, nka Gulde, the custodial parent since the divorce of the parties. The court ordered a change of custody pursuant to R.C. 3109.04(A), finding the election to be proper and the modification to be in the best interests of the children. For reasons explained below, we shall affirm the judgment of the trial court.

The marriage of Arthur E. Hayes, Jr., and Sandra Lee Hayes, nka Gulde terminated in divorce on September 14, 1982. Two of the parties' five minor children were placed in the custody of Arthur. The three remaining children were placed in the custody of Sandra. Joseph and Jennifer, the children who are the subject of this appeal, were placed in the custody of Sandra. Both children are now twelve years old.

Shortly after the Final Decree of Divorce was issued, Sandra married John Guide and moved to Glendale, Arizona. As part of the Final Decree of Divorce, Joseph and Jennifer, were to spend two weeks of each summer vacation with Arthur in Greenville, Ohio. During their visit in the summer of 1989, Joseph and Jennifer expressed a desire to remain with Arthur on a permanent basis.

On August 14, 1989, Arthur filed a motion for change of custody, supported by affidavits from the children. Arthur requested a temporary order of custody on August 15, 1989. Testimony

was then presented in which Joseph and Jennifer expressed their desire to live with Arthur. The hearing on the temporary order was continued for three days, during which time Sandra was allowed to retain custody of the two children. The court stated that if at the end of the three days the children wanted to stay with Arthur, the temporary order would be granted. At the August 18, 1989 hearing both children again stated their desire to remain with Arthur. The court issued the temporary order, granting Arthur temporary custody.

Sandra filed a motion to stay execution of the court's temporary order. The trial court overruled the motion, which became the subject of a prior appeal to this court. On September 3, 1989, we dismissed Sandra's appeal citing a lack of jurisdiction as the temporary order was not a final appealable order.

A hearing on Arthur's motion took place on November 14, 1989. Two experts testified regarding the best interests of the children. Michael B. Palmer, a psychologist, testified by deposition that it was not in the best interest of the children to have a choice as to which parent to live with. Phyllis Kuehnl, also a psychologist, testified that Sandra should have custody of the children. However, she noted that the children were sincere in their expressed desire to reside with Arthur. Further testimony was presented by the principal and assistant principal of the junior high school both children are attending in Greenville. They testified that the children's academic performance has not equalled their past performance while in Arizona.

At the conclusion of the evidence, the trial judge conducted a private interview in the courtroom with Joseph and Jennifer. All principal parties to the action were excluded from this interview, leaving only the trial court judge, court personnel, and the two children. Both children again stated their desire to remain in Ohio with Arthur.

Although the trial court expressed some reservations about the children's choice, it found that they were sincere in their election and that custody should be changed in favor of Arthur. Sandra filed a timely notice of appeal setting out four assignments of error.

I

Sandra's first and fourth assignments of error raise similar issues. Accordingly, we will consider these assignments together. Sandra states:

I. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING A CHANGE OF CUSTODY WHEN THE EVIDENCE SHOWED THAT THERE HAD BEEN NO CHANGE OF CIRCUMSTANCES WITH RESPECT TO THE CHILDREN OR THE CUSTODIAL PARENT.

IV. THE TRIAL COURT APPLIED AN INCORRECT TEST FOR APPROVAL OF THE ELECTION OF THE MINOR CHILDREN, AND ABUSED ITS DISCRETION IN ORDERING A CHANGE OF CUSTODY WHEN THE EVIDENCE INDICATED THAT SUCH A CHANGE WOULD NOT BE IN THE BEST INTERESTS OF THE MINOR CHILDREN.

Decisions concerning child custody and visitation issues are peculiarly within the broad discretion of the trial court. *Trickey v. Trickey* (1952), 158 Ohio St. 9, 14. Abuse of discretion connotes more than just an error of law. Rather, abuse of discretion is present when the court's attitude is manifestly unreasonable, arbitrary, or unconscionable. *Worthington v. Worthington* (1986), 21 Ohio St. 3d, 73; *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217. Although the trial court's discretion is not unlimited, see, e.g. *Cherry v. Cherry* (1981), 66 Ohio St. 2d 348, *Blakemore, supra, Leighner v. Leighner* (1986), 33 Ohio App. 3d 214, we are nevertheless required to give its decision great deference. As stated in *Holcomb v. Holcomb* (1989), 44 Ohio St. 3d 128, 131;

"A reviewing court should not substitute its judgment for that of the trier of fact unless, considering the totality of the circumstances, it finds that the court abused its discretion." Therefore, absent such a showing of abuse of discretion, this court will not disturb the underlying judgment. *Blakemore, supra.*

After reviewing the record before us, we conclude that the trial court's decision to grant Arthur's motion for change of permanent custody was not unreasonable, arbitrary, or unconscionable.

The record establishes that the trial court employed the correct test in reaching its decision. Contrary to Appellant's contention that R.C. 3109.04(B) (1) should be the determining test for election, the proper test is contained in R.C. 3109.04(A), which states, in pertinent part:

"The court may allow any child who is twelve years of age or older to choose, in an original proceeding on custody and in a proceeding for modification of a prior custody order of

the court, *the parent with whom the child is to live, unless the court finds that the parent so selected is unfit to take charge or unless the court finds, with respect to a child who is twelve years of age or older, that it would not be in the best interest of the child.*" (Emphasis added).

The court was not presented with any evidence that either party was unfit. Absent such evidence, the trial court was only obligated to determine the best interest of the child, making the election. In assessing whether the election was in the child's best interest, the trial court had to consider the factors contained in R.C. 3109.04(C). This section provides:

"(C) In determining the best interest of a child pursuant to this section, whether on an original award of custody or modification of custody, the court shall consider all relevant factors, including;

"(1) The wishes of the child's parents regarding his custody;

"(2) The wishes of the child regarding his custody if he is eleven years of age or older;

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in this situation.

This list is not exclusive. Rather, as stated in *Venable v. Venable* (1981), 3 Ohio App. 3d 421:

"To determine the best interest of the child in an action where one party is seeking to modify custody and both parents are deemed to be suitable and fit, the trial court must look to the totality of the circumstances surrounding the change when the child has expressed a preference or election pursuant to R.C. 3109.04. An indication that full consideration of the child's preference and of the facts surrounding the decision must be made in the record; otherwise [the] court has no record of evidence to indicate that the trial court did not merely accept the child's selection of a custodial parent."

After reviewing the record, we conclude that the trial court relied both on the decision of Joseph and Jennifer and all factors noted in R.C. 3109.04(C), among others, in determining custody.

The record of the August 15, 1989 hearing indicates that the court questioned the children as to their academic status while in custody of their mother in Arizona (T. 5, August 15, 1989),

their extracurricular activities (T. 5, August 15, 1989), and their family relationships. (T. 10, August 15, 1989). At the conclusion of the August 15, 1989 hearing the trial court continued the current custody until the August 18 hearing to test the children's resolve to remain in Ohio. The record of the August 18, 1989 hearing indicated that the trial court again inquired as to the children's preference. (T. 5, August 15, 1989). Both children again responded that they chose to remain in Ohio for the ninety day period between the temporary order and the final determination of the merits of the case. Finally, the record of November 14, 1989 indicates that the trial court again explored the children's adjustment process, inquiring about grades, family relations and other issues. Given the totality of the circumstances, we conclude that the trial court properly weighed the election of the children with their best interest.

For the reasons stated above, the Appellant's first and fourth assignments of error are hereby overruled.

## II

Plaintiff-Appellant states as her second assignment of error:

THE TRIAL COURT WAS WITHOUT JURISDICTION OR STATUTORY AUTHORITY IN ENTERING AN "EMERGENCY ORDER" CHANGING CUSTODY ON A TEMPORARY BASIS FROM APPELLANT TO APPELLEE.

The trial court is granted broad discretion in matters involving child custody and visitation. *Trickey, supra*. Further, the reviewing court will not disturb the trial court's finding even if the reviewing court would have reached a contrary conclusion. In order for a reviewing court to find an abuse of discretion, it must find that the trial court's decision, was arbitrary, unreasonable or unconscionable. *Worthington, supra* and *Blakemore, supra*. Rule 75(I), entitled *Continuing Jurisdiction*, reads, in pertinent part:

"The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6. *** "

A review of the facts of the case indicate that the motion for modification was filed as to an issue, child custody, which was before the court in the original divorce action. Personal service was properly effected. We therefore, conclude that the court acted properly. See *Cooper v. Cooper* (1983), 10 Ohio App. 3d 143.

Sandra also claims the trial court acted without statutory authority in issuing the emergency order. We disagree.

The trial court's broad discretion in child custody matters extends to the use of such orders when jurisdiction is present. A review of the record shows the trial court instituted the temporary order due to the out-of-state factors in the proceeding, the costs and time of travel involved, as well as the fact that school was about to begin. From this, we conclude the trial court acted consistent with statutory authority. No abuse of discretion with regard to the temporary order is evident.

Sandra's second assignment of error is overruled.

### III

Plaintiff-Appellant's third assignment of error states:

THE TRIAL COURT ERRED IN CONSIDERING THE "IN CHAMBERS" STATEMENTS OF THE MINOR CHILDREN AS AN "ELECTION"; IN EXCLUDING APPELLANT AND HER COUNSEL FROM THE "IN CHAMBERS" CONFERENCE; AND IN BASING ITS DECISION TO CHANGE CUSTODY SOLELY ON THE CHILDREN'S "IN CHAMBERS" STATEMENTS.

A. *Exclusion of Sandra and Her Counsel from the In chambers Conference.*

Sandra contends the trial court's refusal to allow her or counsel to be present during the interview with Joseph and Jennifer amounts to a failure to follow statutory procedure. Sandra contends the election of the minor children may thus be disregarded. We disagree.

R.C. 3109.04 entitled *Court Awarding Custody; Joint Custody; Modification; Best Interests of the Child*, provides:

"*** If the court allows any child who is twelve years of age or older to choose the parent with whom the child is to live, the court shall offer the child the opportunity to inform, the court of the choice in chambers or in open court. If the child elects to inform the court of the choice in chambers, no persons other than the child, the child's attorney, the judge, any necessary court personnel, *and in the judge's discretion, the attorney of each parent shall be permitted to be present in the chambers when the child informs the court of the choice and is questioned with respect to the choice.*"(Emphasis added).

We note Sandra and her counsel were present on the two prior occasions, August 15 and August 18, 1989, when the children informed the court of their choice of custodial parent. On November 14, 1989, the trial court conducted a private interview with the children, where they again expressed their desire to remain in Ohio. From our review of the record, we conclude the trial court acted within the discretion afforded by R.C. 3109.04(A).

B. *The Trial Court Erred in Considering the "In Chambers" Statements of the Minor Children as an "Election".*

Sandra argues the trial court was not presented with sufficient evidence upon which to conclude the children's statements amounted to an election. We do not agree.

An appellate court may not find a judgment to be based on insufficiency of evidence, if such judgment is supported by some competent, credible evidence. *C.F. Morris, Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279, *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St. 3d 77.

In the present appeal, the children completed affidavits and testified on three occasions. Throughout these events, Joseph and Jennifer consistently informed the court of their desire to remain with Arthur on a permanent basis. Although testimony discounting the appropriateness of their choice was presented, we conclude sufficient, competent, and credible evidence was before the trial court.

C. *The Trial Court Erred in Basing its Decision to Change Custody Solely on the Children's In Chambers Statements.*

Sandra contends that as a result of the children's election, the trial court ordered a change of custody, ignoring the previous lay and expert testimony which weighed against it.

A great deal of the testimony was provided by the children. We do not agree, however, the trial court based its decision *solely* on the children's testimony. A review of the record indicates the trial court considered many factors, including those delineated in R.C. 3109.04(C), in arriving at the decision to modify custody in favor of Arthur.

Sandra's third assignment of error will be overruled.

### IV

For the reasons set forth above we overrule Appellant's alleged assignments of error. The judgment of the trial court will be affirmed.

WOLFF, P.J., and WILSON, J., concur.