DECISION AND JUDGMENT ENTRY
Appellant Leah Wesselhoeft and appellee Conrad Wesselhoeft were married on December 24, 1988, in Perry County, Ohio. Appellant filed for divorce in the Hocking County Court of Common Pleas on November 3, 1997. The trial court, in the decree of divorce issued on February 9, 1999, designated appellee as the residential parent of the five minor children of the marriage.
Appellant appeals this decision, arguing the trial court is in error in its allocation of parental rights because the court failed to consider that she was the primary caregiver of the children. We find this claim to be without merit and, accordingly, affirm the decision of the trial court.
 STATEMENT OF THE CASE
Appellee husband and appellant wife lived on a farm near the boundary of Perry and Hocking Counties, in a three-bedroom house owned by appellee's parents, who lived nearby. There are five children of this marriage, all boys. At the time appellant filed the complaint for divorce, the children ranged in age from eleven years to sixteen months.[1] Appellant obtained from the trial court, at the time of the filing of the divorce complaint, an ex parte temporary order designating her as the residential parent of the five children.
Appellee, with his answer, moved for temporary custody of the children. When appellant moved the children to Lancaster in February 1999, appellee renewed his motion for temporary custody, arguing that it would be in the best interest of the older children to continue to attend their same school. On March 23, 1998, the trial court conducted a hearing on the matter of temporary custody. By an entry of April 3, 1998, the court designated appellee as the residential parent of all five children, pending further order of the court, and awarded liberal visitation to the appellant.
The court conducted the final hearing in the divorce on August 21, 1998. On August 28, 1998, the trial court issued findings of fact and conclusions of law, summarizing the testimony of the witnesses and the parties. The trial court made a preliminary division of marital property, but ordered a further inquiry into a business operated by appellee's father, Carl Wesselhoeft, called "C.W. Farms." The purpose of this further inquiry was to determine whether appellee and his father operated this business as a partnership, and, if so, whether appellant had a marital interest in this partnership.
The court also issued preliminary findings on the matters of child support and spousal support. The court proposed to designate appellee as the residential parent, finding the following:
 A) The parents wishes are opposite for the custody of the boys;
 B) The children were not interviewed in chambers for final hearing;
 C) The children have a great deal of healthy interaction with each other, and their parents, and relatives on both sides;
D) The children are adjusted to both homes;
 E) None of the children or parties have significant mental or physical health problems;
F) Neither parent has ever failed to pay court-ordered support;
 G) Neither parent has ever committed an offense constituting abuse or neglect.
On February 8, 1999, the trial court entered a "Decree of Divorce," designating appellee as residential parent, and continuing previous orders of visitation for appellant. In this entry, however, the court noted that a further hearing on the "C.W. Farms" business was scheduled. Hence, when appellant filed her notice of appeal on March 10, 1999, this entry did not constitute a final, appealable order because of these unresolved property division issues. See Civ.R. 75 (F). On March 22, 1999, appellee filed his notice of cross-appeal. On April 7, 1999, the trial court issued an entry entitled "Second Part of Final Decree of Divorce," resolving these remaining property division issues.
Appellant presents a single assignment of error for our review:
 THE COURT ERRED IN ALLOCATION [sic] THE PARENTAL RIGHTS AND RESPONSIBILITIES TO THE DEFENDANT-APPELLEE CONRAD WESSELHOEFT, AS THIS RULTNG IS CONTRARY TO THE BEST INTEREST OF THE CHILDREN OF THE PARTIES.
 OPINION I
As we noted above, the appeal and cross-appeal were prematurely filed. As we also note, the trial court issued a final entry of divorce on April 7, 1999, and we found that this appeal, and cross appeal, were perfected as of that date. The clerk transmitted the record, without a transcript, on April 19, 1999. After several extensions, appellant Leah Wesselhoeft filed her brief on July 12, 1999. Appellee Conrad Wesselhoeft, however, never filed a brief in support of his cross-appeal, nor did he respond to appellant's brief. Accordingly, on March 10, 2000, we dismissed Conrad Wesselhoeft's cross-appeal, and this appeal is considered solely on the brief filed by appellant Leah Wesselhoeft.
 II
Appellant, in her sole assignment of error, argues that the trial court erred in its allocation of parental rights. A trial court enjoys broad discretion in allocating parental rights. Miller v. Miller (1988),37 Ohio St.3d 71, 73-74, 523 N.E.2d 846, 849; Trickey v. Trickey (1952),158 Ohio St. 9, 14, 106 N.E.2d 772, 774. Absent an abuse of that discretion, we will not disturb the allocation of parental rights by the trial court.
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142. A trial court will not be found to have abused its discretion in a custody award unless its decision involves more than an error of judgment and can be characterized as unreasonable, arbitrary, or unconscionable. Booth v.Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030.
Furthermore, an appellate court must be guided by a presumption that the findings of the trial court are correct, since the trial court is in the best position to view the witnesses and weigh the credibility of the proffered testimony. Hill v. Hill (July 20, 1995), Pickaway App. No. 94CA22, unreported, citing Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,23, 550 N.E.2d 178, 180 and Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276. Thus, where a trial court's award of custody is supported by a substantial amount of competent and credible evidence, we must sustain such award. Bechtol, at the syllabus.
However, before we commence our review of appellant's assignment of error, we are confronted with the absence of any transcript of the final divorce hearing. Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which she seeks review. See Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565-566, as well as App.R. 9(B) and 10(A). The duty of submitting the record falls upon an appellant. "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385.
Appellant argues an abuse of discretion by the trial court as she claims the evidence adduced at trial does not support the decision of the trial court. The proceedings of a lower court are deemed correct unless error affirmatively appears on the face of the record. Makranczyv. Gelfand (1924), 109 Ohio St. 325, 142 N.E. 688, paragraph one of the syllabus. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, supra.
Pursuant to App.R. 9(C), if no report of the proceedings was made or a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings which must be submitted to the appellee, then submitted to the trial court for settlement and approval. State ex rel.Fant v. Trumbo (1986), 22 Ohio St.3d 207, 208-209, 489 N.E.2d 1316, 1317. In the alternative, App.R. 9(D) provides for an agreed statement submitted by both parties but authorizes the trial court to amend the document or return it to the parties for further review.
The trial court rejected appellant's proposed App.R. 9(C) statement. Appellant reports that she submitted a proposed App. R. 9(D) statement to appellee, but appellee refused to agree to the submission of that statement.
The official court reporter for the Hocking County Court of Common Pleas filed an affidavit with this court stating that she received a praecipe for the preparation of a trial transcript in this action. However, the reporter states further that she was advised by counsel for appellant not to prepare this transcript, because appellant had not made financial arrangements for the cost of this transcript. The reporter also states in her affidavit that appellee declined to assume the cost of the transcript.
Instead, appellant supplied us with a statement of evidence signed only by counsel. Such a statement is insufficient to meet the requirements of App.R. 9(C). King v. Plaster (1991), 71 Ohio App.3d 360,594 N.E.2d 34. Accordingly, we informed appellant on October 21, 1999, that, unless she supplied either a transcript of the proceedings below, or an approved App.R. 9(C) statement, we would consider her appeal in the absence of such a statement. Appellant then moved for a certification of the record under App.R. 9(E), which we denied.
To find an abuse of discretion, we must find that the evidence, or the law, does not support the decision of the trial court. Without a transcript of the proceedings or a statement of the evidence, an appellate court cannot consider assignments of error arguing that a finding is against the weight of the evidence or is unsupported by that evidence. See App.R. 9(B), and Tyrrell v. Investment Assoc.,Inc. (1984), 16 Ohio App.3d 47, 49, 474 N.E.2d 621, 625. Thus, our review of appellant's assignment of error is limited to reviewing the decision of the trial court for errors of law. Smith v. Ohio Dept. ofRehab. Corr. (1995), 104 Ohio App.3d 210, 213, 661 N.E.2d 771, 772.
 III
Appellant argues that the allocation of parental rights by the trial court is unsupported by law. Appellant alleges error because the trial court found the parents on equal footing as to the question of custody. Appellant argues that this finding was in error because the trial court must give preference to her, as the mother of these children and primary caregiver, in any allocation of parental rights. Appellant cites Bechtol,supra, and Roth v. Roth (1989), 65 Ohio App.3d 768, 585 N.E.2d 482.
In 1990, the General Assembly enacted Senate Bill 3 (effective April 11, 1991), which changed the substance and terminology of Ohio's custody statutes. Under R.C. 3109.04, Ohio courts now allocate parental rights, rather than award custody. However, the best interests of the child remains the pole star for a court allocating parental rights. R.C. 3109.04
(B)(1). See Venable v. Venable (1981), 3 Ohio App.3d 421, 423,445 N.E.2d 1125, 1129.
In determining the child's best interest, the court is directed, by statute, to consider all relevant factors, including, the child's wishes, his relationship with his parents, siblings, and any other person who may significantly affect the child's best interests, and his adjustment to his home, school, and community. R.C. 3109.04 (F)(1). Brown v. Brown
(Sept. 8, 1998), Highland App. No. 97CA0948, unreported. Failure to consider all of the relevant factors listed under R.C. 3109.04 (F)(1) may be reversible error. Dilworth v. Dilworth (1996) 115 Ohio App.3d 537,685 N.E.2d 847. It is apparent from the findings of fact prepared by the trial court that the court carefully considered these factors listed in statute. Appellant, however, alleges error because the trial court did not consider her role as primary caretaker of the children to have preference over these statutory factors.
Ohio has not adopted the primary caretaker doctrine. Roth,65 Ohio App. 3d at 773, 585 N.E.2d at 485, citing Thompson v. Thompson (1987),31 Ohio App.3d 254, 255-257, 511 N.E.2d 412, 413-415. Moreover, the statutory factors of R.C. 3109.04 (F)(1) preclude any sort of "presumptive quality" from being given to the primary caregiver doctrine.Sellman v. Sellman (Sept. 26, 1996), Highland App. No. 95CA888, unreported, citing Holm v. Smilowitz (1992), 83 Ohio App.3d 757, 776,615 N.E.2d 1047. The primary caretaker doctrine is, instead, one of those unenumerated factors that may be considered in entering a custody order pursuant to statute. Holm, 83 Ohio App.3d at 776,615 N.E.2d at 1059.
Nor was the trial court in error in finding the parties on equal footing as to the question of custody. Under R.C. 3109.03, the parents "stand upon an equality as to the parental rights and responsibilities for the care of their children and the place of residence and legal custodian of their children." See discussion in Bechtol,49 Ohio St.3d at 23, 550 N.E.2d at 180.
Hence, we find no error of law in the decision of the trial court. Appellant has failed to supply us with the portions of the transcript necessary for resolution of her assigned error based on an abuse of discretion. We have no choice, therefore, but to presume the validity of the trial court's proceedings and affirm. Ratchford v. Proprietors' Ins.Co. (1995), 103 Ohio App.3d 192, 198, 658 N.E.2d 1127, 1131.
Accordingly, we OVERRULE appellant's sole assignment of error. The judgment of the trial court is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT be AFFIRMED.
It is ordered that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., and Kline, P.J.: Concur in Judgment and Opinion.
 _____________________ DAVID T. EVANS, Judge
[1] Appellee adopted the oldest child, appellant's son from a prior relationship.