SMITH, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION & CORRECTION, Appellee.

[Cite as *Smith v. Ohio Dept. of Rehab. & Corr.* (1995), 104 Ohio App.3d 210.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94API11–1688.

Decided May 23, 1995.

*William Smith, pro se.*

*Betty D. Montgomery,* Attorney General, and *Eric A. Walker,* Assistant Attorney General, for appellee.

JOHN C. YOUNG, Judge.

On December 4, 1992, William Smith, appellant, filed a complaint in the Ohio Court of Claims against the Ohio Department of Rehabilitation and Correction

("ODRC"), the Governor of Ohio, and various individuals at the Orient Correctional Institution ("OCI") alleging that he had been discriminated against because he and other blind inmates were not provided with Braille classes and other services suited for the blind inmates. ODRC filed a motion to dismiss appellant's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The trial court overruled ODRC's motion to dismiss. Pursuant to R.C. 2743.02(E), the individuals named in appellant's complaint were dismissed inasmuch as only state agencies and instrumentalities can be defendants in original actions in the Ohio Court of Claims.

A trial occurred on March 14, 1994, and the trial court issued its written decision and entry on October 26, 1994. The trial court held that appellant had failed to prove that ODRC had discriminated against him and the trial court rendered judgment accordingly.

Thereafter, appellant filed a notice of appeal in this case and asserts the following assignments of error:

"I. The court erred when it rendered judgment against plaintiff/appellant and the decision was totally unsupported by evidence and/or testimony at trial.

"II. The court abused its discretion in rendering judgment against plaintiff-appellant without a reasonable basis and which was clearly wrong.

"III. The court abused [its] discretion when it refused to appoint counsel for plaintiff/appellant, who is totally blind.

"IV. The court erred when it dismissed defendants, George Voinovich, Dr. John Littlefield, Larry Green, Beth Schubach–McGill, John Hamilton, and Dr. Estis as parties in the action."

By way of his first and second assignments of error, appellant argues that the trial court abused its discretion and erred in rendering judgment in favor of ODRC. Appellant argues that the trial court's decision was both against the manifest weight of the evidence and was clearly wrong.

Unfortunately, appellant has failed to supply this court with a copy of the transcript of the trial proceedings for appellate review. In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385, the Ohio Supreme Court stated as follows:

"The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162 [7 O.O.3d 243, 372 N.E.2d 1355]. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not

already on file as he deems necessary for inclusion in the record * * *.'  When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."  (Footnote omitted.)

Thus, the only issue properly before this court is whether the findings of fact support the conclusions of law and, therefore, support the judgment of the trial court.

The trial court's findings of fact are set forth, as follows, in its decision:

"[Appellant's] broad allegations are that [ODRC] failed to provide him with special cafeteria seating, an appropriate dormitory setting, and educational opportunities.  Specifically, [appellant's] complaint is that he was unable to earn days of credit towards his sentence for participation in an informal inmate Braille group.

"During the period in issue, there were approximately seventeen blind inmates housed at the Orient Correctional Institution.  One of those inmates, James Young, was qualified to teach Braille, a system of printing and writing for the blind.  Mr. Young taught Braille to a small group of inmates, including [appellant] with materials in his possession.  Some of the material was obtained from [ODRC].

" * * *

"In July of 1992, [appellant] sent a letter to Larry Green who was the director of the institution.  The letter was a request to formalize the inmate Braille group in order to earn 'good time' credit towards the sentences of the inmate participants.

"[ODRC's] September 1, 1992, response to [appellant's] request simply states that there is no Braille class which has been approved by the director.  This reply does not address [appellant's] specific request, nor is it helpful in presenting those options available to a person with [appellant's] disability by which to earn days of credit."

Ohio Adm.Code 5120-2-06 provides that the sentence of an inmate may be reduced through the application of earned days of credit for participation in programs specifically approved by the director.

Section 12132, Title 42, U.S.Code, the Americans with Disabilities Act (1990), provides that no public entity shall discriminate against a "qualified individual with a disability" by denying that person the benefits of services, programs or activities.  After reading appellant's complaint in the trial court and the trial court's decision, this court finds that appellant did not show that OCI established a program or activity and then prevented appellant from participating in that

program or activity. Therefore, the trial court's judgment that appellant did not prove that ODRC discriminated against him must be affirmed. Furthermore, the establishment of a formal Braille program for blind inmates at OCI would be an executive-type decision for which the state of Ohio cannot be held liable. See *Reynolds v. State* (1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776.

Appellant's first and second assignments of error are not well taken and are overruled.

In his third assignment of error, appellant argues that the trial court abused its discretion by not appointing him counsel because he is blind. The trial court denied appellant's request that it appoint him counsel to try his case; however, the court did allow appellant to have another person present to read documents to him.

An abuse of discretion connotes more than just an error of law. It exists where the court's attitude, evidenced by its decision, was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. Unless there is a showing of exceptional circumstances justifying the appointment of counsel, an individual plaintiff is not ordinarily entitled to a court-appointed attorney in a civil action. See *Perotti v. Ohio Dept. of Rehab. & Corr.* (1989), 61 Ohio App.3d 86, 572 N.E.2d 172.

This court notes that appellant filed numerous documents in the trial court and does not appear to have been prejudiced by the trial court's failure to appoint him counsel. Instead, it appears that appellant prosecuted his action in the same manner as other *pro se* inmates. Appellant has not shown that the trial court abused its discretion in not appointing counsel to handle appellant's case.

Appellant's third assignment of error is not well taken and is overruled.

In his fourth assignment of error, appellant argues that the trial court erred when it dismissed the Governor of the state of Ohio and certain personnel at OCI as parties in the present action. Under R.C. 2743.02(E), only state agencies and instrumentalities can be defendants in original actions prosecuted in the Ohio Court of Claims. Accordingly, the trial court correctly dismissed the Governor of the state of Ohio and the other individual defendants named in appellant's lawsuit.

Appellant's fourth assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's first, second, third and fourth assignments of error are overruled and the judgment of the Ohio Court of Claims is hereby affirmed.

*Judgment affirmed.*

PETREE and CLOSE, JJ., concur.