961 F.Supp. 129 (1997)
NATIONAL COALITION FOR STUDENTS WITH DISABILITIES EDUCATION AND LEGAL DEFENSE FUND, Plaintiff,
v.
George ALLEN, Acting In His Official Capacity as Governor of Virginia et al., Defendants.
Civil Action No. 96-1379-A.
United States District Court, E.D. Virginia, Alexandria Division.
March 10, 1997.
*130 Michael Jackson Beattie, National Coalition for Students with Disabilities Education and Legal Defense Fund, Fairfax, for plaintiff.
Alice Ann Berkebile, Office of the Attorney General, Richmond, for defendant.

MEMORANDUM OPINION
HILTON, District Judge.
This matter came before the Court on defendants' motion to dismiss and motion for summary judgment, and plaintiff's motion for partial summary judgment. The National Coalition for Students with Disabilities ("NCSD") filed this action against certain officials of the Commonwealth of Virginia claiming that the failure of the Commonwealth's state universities and colleges to provide voting registration services violates the National Voter Registration Act of 1993, 42 U.S.C. §§ 1973gg et seq. (the "NVRA"). NCSD's claim is also premised upon 42 U.S.C. § 1983 and the Commonwealth's alleged violation of various amendments to the United States Constitution; upon an alleged violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"); and upon an alleged violation of a final order entered by the Richmond Division of this Court in Commonwealth of Virginia, et al. v. United States of America, et al., C.A. No. 3:95cv357, 1995 WL 928433 (E.D. Va., Richmond Div., entered Oct. 18, 1995).
The NCSD is a non-profit public interest corporation concerned about the educational opportunities and legal rights of students with disabilities. On July 10, 1996 the NCSD sent one of their members, posing as a potential applicant, to George Mason University ("GMU") to determine if voting registration services were available on campus. NCSD's applicant visited GMU's admissions office, financial aid office and disabilities services office. At each office the applicant inquired about the availability of voter registration materials and information. NCSD alleges that voter registration was not available at any of GMU's offices, and that the failure of GMU's office for disabilities support services to provide voter registration services is in violation of the NVRA. Defendants do not dispute that voter registration services are not provided anywhere on the GMU campus, and have moved for dismissal or for summary judgment. This motion has been fully briefed and the case is ripe for summary judgment.
Summary judgment is appropriate when there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). A material fact in dispute appears when its existence or non-existence could lead a jury to different outcomes. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the nonmoving party. Id. at 248, 106 S.Ct. at 2510. The Court finds that there are no material facts in dispute.
The NVRA requires that "[e]ach State shall designate as voter registration agencies  all offices in the State that provide State-funded programs primarily engaged in providing services to persons with disabilities." See 42 U.S.C. § 1977gg-5 (a)(2)(B). The Virginia agencies primarily engaged in providing services to persons with disabilities include: Virginia Department of Rehabilitative Services, Department for Rights of Virginians with Disabilities, Virginia Department for the Deaf and Hard of Hearing, Virginia Department for the Visually Handicapped, and public assistance agencies such as the Virginia Department of Mental health, Mental Retardation, and Substance Abuse Services and the Virginia Department of Social Services. Virginia has designated these agencies as voter registration agencies under the NVRA. In addition, any person in Virginia can receive an application to register by mail by simply calling the State Board of *131 Elections toll free number, or the local General Registrar.
The primary purpose of Virginia's state colleges and universities is to provide for a collegiate curriculum to confer degrees, and to direct the activities of professors, teachers, staff members and agents. See Va.Code §§ 23-91.24 et. seq. These institutions are not "primarily engaged" in serving disabled persons. It is apparent from the legislative history of the NVRA that Congress never intended that the act apply to state colleges and universities. The House Report described how the NVRA would enable disabled persons to register to vote.
The original bill included in the mandatory agency registration program offices that provide vocational rehabilitation services in an attempt to assure that persons with disabilities would be reached by some part of the State's registration programs. Representatives of programs that serve persons with disabilities made it clear that vocational rehabilitation offices would not have extensive contact with such persons and that a broader designation of offices would be necessary if a State's agency program was to include a sufficient number of persons with disabilities. The Act now includes a definition that is intended to have more extensive outreach to person with disabilities. While it would include vocational rehabilitation offices, it would also extend to many other agencies that have contact on a [regular basis] with persons with disabilities, such as, but not limited to those agencies which provide transportation, job training, education counseling, rehabilitation or independent living services.
H.R.Rep. No. 103-9, at 12 (1993), reprinted in 1993 U.S.C.C.A.N. 105, 116. This history makes clear that an earlier version of the bill applied the NVRA only to "vocational rehabilitation" offices. The adopted version was changed, however, to expand its reach, so it applied to all agencies "primarily engaged in providing services to persons with disabilities." 42 U.S.C. § 1973gg-5(a)(2)(B). Congress clearly intended that the act apply to state institutions providing "education counseling" and not to those agencies providing educational services. Nowhere in the legislative history is any mention of state colleges and universities. Neither the NVRA's clear statutory language nor its legislative history require the provision of voting registration services in any state college or university office.
Plaintiff has failed to state a claim under the ADA, which prohibits discrimination against disabled persons by excluding such persons "from participation in" or by denying them the "benefits of the services, programs, or activities of a public entity." See 42 U.S.C. § 12132. Plaintiff contends that the ADA requires the Commonwealth to make "accommodations" to disabled students by offering them a convenient and accessible voter registration site on campus. Although the ADA does require entities which provide certain services to make "reasonable accommodations" for disabled persons so as to ensure that they are not denied access to the services provided by a particular agency, nothing in the ADA requires entities to expand the scope of their activities so as to provide services for disabled persons which are not provided at all by such entities. See Smith v. Department of Rehabilitation & Correction, 104 Ohio App.3d 210, 661 N.E.2d 771, 10 A.D.D. 832 (1995). The ADA does not require the Commonwealth of Virginia to offer voter registration services in every state agency which plaintiff may find to be convenient. Virginia's colleges and universities do not provide voting registration services for any of their students, and are not required to provide voter registration services for their disabled students under the ADA.
The complaint alleges that defendants' practices with regard to voter registration at college disability services offices deny plaintiff rights secured by the NVRA, 42 U.S.C. § 1983, the Supremacy Clause and the First, Ninth, Fourteenth, Fifteenth, Twenty-Fourth and Twenty-Sixth Amendments of the United States Constitution. While Section 1983 fulfills the procedural or remedial role of authorizing the assertion of a claim for relief, it does not itself create or establish rights. Thus, "one cannot go into court and clam a `violation of § 1983'  for § 1983 by *132 itself does not protect anyone against anything." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979); Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2694-95, 61 L.Ed.2d 433 (1979). Section 1983 "only gives a remedy" when the plaintiff demonstrates a violation of a right protected by the federal constitution or by a federal statute other than § 1983. Chapman, 441 U.S. at 617, 99 S.Ct. at 1915; accord Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 1870-71, 104 L.Ed.2d 443 (1989); Wilson v. Garcia, 471 U.S. 261, 278, 105 S.Ct. 1938, 1948, 85 L.Ed.2d 254 (1985); Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S.Ct. 2427, 2432, 85 L.Ed.2d 791, reh'g denied, 473 U.S. 925, 106 S.Ct. 16, 87 L.Ed.2d 695 (1985).
NCSD has failed to assert any rights under either the Constitution or the NVRA to support a cause of action under Section 1983. The NVRA provides a detailed method of enforcement which is exclusive, and as a result private persons cannot support a Section 1983 claim based upon an alleged violation of the NVRA. Furthermore, no constitutional provision or amendment gives plaintiff the right to the most convenient method of voter registration, or to register to vote in a disability office. See Coalition for Sensible & Humane Solutions v. Wamser, 771 F.2d 395, 400 (8th Cir.1985); cf. Burdick v. Takushi, 504 U.S. 428, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992).
The NCSD's claim for contempt of court is based upon the Court's October 18, 1995 order in Civil Action No. 95-357 (E.D. Va., Richmond Div.). The order was issued in a case brought by Virginia Governor George Allen on behalf of the Commonwealth against the United States of America challenging the constitutionality of the NVRA. In its decision, the Court found that the NVRA was constitutional and that it would become effective in Virginia on March 6, 1996. The Court's order did not contain directives with respect to the specific application of the NVRA in Virginia, and the Court did not order the Commonwealth to provide voter registration services in its state college and university disability departments.
For the above stated reasons, plaintiff's motion for partial summary judgment should be denied, and defendants' motion for summary judgment should be granted.
An appropriate order shall issue.

ORDER
This case came before the Court on the defendants' motion to dismiss and motion for summary judgment, and plaintiff's motion for partial summary judgment. For reasons stated in the accompanying memorandum opinion, it is hereby
ORDERED that plaintiff's motion for summary judgment is DENIED and defendants' motion for summary judgment is GRANTED and this case is DISMISSED.