Defendant-appellant, Awa Nmi Uma, appeals from a judgment entry of the Franklin County Municipal Court overruling his motion for stay of eviction, and entering judgment for plaintiff-appellee, Samuel Alabi, on appellee's complaint.
Appellee filed a complaint for restitution of premises, forfeiture of land contract, and money damages against appellant and his corporation, Team Heating and Air Conditioning, Inc. ("Team Heating"), alleging that appellant was in default under the terms of the parties' land installment contract for non-payment of the monthly installments, real estate taxes and insurance, as well as for filing bankruptcy. Appellee attached to the complaint a copy of the written notice required by R.C. 5313.06, which was served on appellant in his individual capacity and as statutory agent for Team Heating on March 3, 1998. A copy of the complaint and notice of the hearing set for April 24, 1998, was served on appellant by certified mail, and appellant signed a certified mail receipt on April 11, 1998. The hearing before the magistrate was rescheduled for May 4, 1998, and a summons reflecting the rescheduled date was personally served on appellant on April 25, 1998.
The magistrate held a hearing on the complaint with appellant appearing pro se and with appellee represented by counsel, but the magistrate delayed the decision at the request of the parties so that they could attempt to settle the case. The magistrate issued a decision after appellee's attorney filed a notice of failure to settle. In the magistrate's decision, he found that appellant breached the terms of the land installment contract by not paying rent in a timely manner. In addition, the magistrate found that appellee fully complied with the requirements of R.C. Chapter 5313 in instituting the forfeiture action, that appellant had paid for less than five years under the contract, and that the sum of his payments on the principal were less than twenty percent of the purchase price. Thus, the magistrate recommended that the trial court issue appellee a writ of restitution. The trial court adopted the magistrate's decision.
Appellant filed an "appeal" to the magistrate's decision on behalf of Team Heating, and he filed a motion for stay of eviction in his personal capacity. The trial court granted appellant's motion for stay, which the court considered as an objection to the magistrate's decision, and scheduled an objections hearing for September 3, 1998. The trial court held a hearing on the objection with appellant again appearingpro se and appellee represented by counsel. The trial court overruled appellant's objection and set aside the stay of eviction. Appellant filed a timely notice of appeal.
On appeal, appellant asserts four assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT AND CO-DEFENDANT, TEAM HEATING AND AIR CONDITIONING, INC., THE RIGHT TO ATTORNEYS IN LIGHT OF THE FACT THAT THE COURT CONDUCTED THE TRIAL DEVOID OF THEIR FUNDAMENTAL RIGHTS.
 II. THE TRIAL COURT ERRED IN SUSTAINING THE PLAINTIFF-APPELLEE'S CLAIMS OF DEFAULT IN LIGHT OF THE CLAIMANT'S FAILURE TO STATE APPROPRIATE OR GOOD CAUSE AND THE COURT'S NEGLIGENCE TO CONSIDER THE TERMS OF THE LAND INSTALLMENT CONTRACT, SECTION 12 AND THE PROVISIONS OF ORC, SECTION 5313.05.
 III. THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF-APPELLE'S MOTION FOR WRIT OF RESTITIUTION IN LIGHT OF THE MOVANT'S FAILURE TO STATE APPROPRIATE OR GOOD CAUSE AND THE COURTS [SIC] NEGLIGENCE TO OBSERVE THE STRICT PROVISIONS OF THE ORC, SECTION 5313.06.
 IV. THE TRIAL COURT ERRED IN REJECTING EVIDENCES [SIC] FOR EXTRA PAYMENT THAT SHOWED THAT MORE THAN 20% HAS BEEN PAID TOWARDS THE PURCHASE PRICE TO QUALIFY DEFENDANT-APPELLANT FOR OPTIONAL FORECLOSURE REMEDY AS PROVIDED BY ORC, SECTION 5313.07
The parties entered into an agreement for appellant to purchase the property located at 1628 Briarwood Avenue in Columbus, Ohio, from appellee under a land installment contract for $42,000, with $5,000 as a down payment and monthly payments of $438.69. Although appellant was to take possession of the house on June 1, 1995, and paid the June 1995 payment, appellant did not actually take possession until July 1, 1995. Appellant's monthly installment payments were frequently late. On November 29, 1997, appellee notified appellant that he would no longer accept late payments and would thereafter require strict compliance with the terms of the land installment contract. Appellant failed to pay the December 1997 installment until early January 1998. Appellee refused to accept this late payment and also refused to accept appellant's January and February payments, which were also made late. Appellee waited until March 3, 1998, to serve appellant with the notice of forfeiture, which provided appellant ten days to pay the late payments, late charges and past due real estate taxes and insurance. However, appellant failed to make these payments, so appellee instituted the action for restitution of the premises and forfeiture of the land contract.
As a preliminary matter, appellant has failed to provide a transcript of the proceedings before the magistrate or the trial court as required by App. R. 9(B). Although appellee contends that the hearings were recorded, there is no indication in the court file that a record was made of the proceedings. Appellant also failed to submit a statement of the evidence under App. R. 9(C) or an agreed statement under App. R. 9(D). Without a transcript of the proceedings or a statement of the evidence, an appellate court cannot consider assignments of error arguing that a finding is against the weight of the evidence or is unsupported by the evidence. See Tyrrell v.Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, 49. Thus, our review of appellant's assignments of error is limited to reviewing the magistrate's decision for errors of law. Smith v.Ohio Dept. of Rehab. Corr. (1995), 104 Ohio App.3d 210, 213.
In appellant's first assignment of error, he argues that the trial court erred by adopting the magistrate's decision because the magistrate denied both him and Team Heating the right to obtain counsel to represent them in the proceedings. Without a transcript, we cannot review what occurred in the hearing before the magistrate.
Although appellant claims he was denied the right to counsel because the magistrate would not allow him to represent Team Heating, a corporation cannot appear in court pro se but may only participate if represented by an attorney. Union SavingsAssn. v. Home Owners Aid (1970), 23 Ohio St.2d 60, syllabus. Moreover, our review of the record does not support appellant's claim that he did not have sufficient time to obtain counsel. Appellant had over three weeks from the date he signed the certified mail receipt for the complaint on April 11, 1998, until the hearing on May 4, 1998, to obtain counsel. Consequently, appellant's first assignment of error is overruled.
In appellant's second assignment of error, he argues that the trial court erred by adopting the magistrate's decision finding that he was in default under the terms of the land installment contract. We are unable to review the magistrate's findings of fact without a transcript.
However, even assuming arguendo that we could review the factual findings, the exhibits presented at trial support the magistrate's conclusion that appellant was in default for not paying the December 1997 payment within thirty days as required by Section 12 of the Land Installment Contract. The money orders which appellant purchased to pay the December payment and late fee are dated December 29, 1997, and December 31, 1997. The certificate of mailing indicates that one was mailed December 29, 1997. Taking judicial notice that January 1, 1998, was a legal holiday with no mail service, the earliest that appellee could have received the full amount is January 2, 1998, which is more than thirty days from the due date of December 1, 1997. Consequently, appellant's second assignment of error is overruled.
In appellant's third assignment of error, he argues that the trial court erred by adopting the magistrate's decision because the notice of forfeiture given by appellee did not comply with the requirements of R.C. 5313.06. We disagree.
As the magistrate found, the notice provided by appellee on its face complies with the requirements of R.C. 5313.05, 5313.06, and 1923.04. Appellee waited to enforce the forfeiture until March 3, 1998, which is clearly more than thirty days after the default as required by R.C. 5313.05. Additionally, the notice personally served on appellant fully complies with R.C. 5313.06: it was a written notice identifying the contract and the covered property; it specified the terms of the contract not complied with; it notified appellant that the contract would be forfeited unless appellant paid all past due payments, real estate taxes, and insurance payments within ten days; and it notified appellant to leave the premises by March 14, 1998. Finally, the notice complied with R.C. 1923.04
because it contained the required language of that section. Consequently, appellant's third assignment of error is overruled.
In appellant's fourth assignment of error, he argues that the magistrate erred by concluding that he had paid less than twenty percent of the purchase price. Again, we cannot review the magistrate's factual findings without a transcript of the proceedings.
Even assuming arguendo that we could review the factual findings, appellant's own exhibit supports the magistrate's conclusion that appellant paid less than twenty percent of the purchase price. The amortization schedule introduced by appellant indicates that he paid a total of $8,275.91 between June 1995 and November 1997, inclusive of the $5,000 down payment, towards the purchase price of $42,000, which amounts to only 19.7 percent. Moreover, there is no evidence supporting appellant's argument that the parties agreed that the June 1995 payment was to be credited fully towards the principal. Therefore, appellant's fourth assignment of error is overruled.
Based upon the foregoing reasons, appellant's four assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER and BRYANT, JJ., concur.