DECISION
Appellant, Liquor Control, appeals from a September 1, 1999 judgment entry of the Franklin County Court of Common Pleas overruling their objections to the magistrate's decision filed May 19, 1999.
Appellee, Caryl Ray-Whittaker, filed a complaint in the trial court pursuant to R.C. 4123.51.2, requesting the right to participate in the Ohio Workers' Compensation Act for an occupational disease. She alleged that she had developed ulnar neuritis and ulnar neuropathy in her right hand and elbow as a direct and proximate result of the conditions and circumstances of her employment with appellant. The case was tried to a magistrate under Civ.R. 53 on January 28, 1999. Subsequently, appellant filed a motion to strike the expert testimony of Dr. James Nappi, a witness called by appellee. In his decision dated April 22, 1999, the magistrate overruled appellant's motion to strike and issued a decision in favor of appellee. Appellant filed objections and, on September 1, 1999, the trial court issued a decision overruling appellant's objections and adopted the magistrate's decision. The trial court noted that appellant did not file a transcript in support of its objections.
On September 30, 1999, appellant filed a timely notice of appeal and requested that a copy of the transcript of the hearing before the magistrate be transmitted to this court.
On appeal, appellant asserts four assignments of error:
 I. THE COURT ERRED IN ALLOWING RAY-WHITTAKER TO PRESENT REBUTTAL TESTIMONY WHICH EXCEEDED THE SCOPE OF THE EVIDENCE PRESENTED BY LIQUOR CONTROL.
 II. THE COURT ERRED IN DENYING LIQUOR CONTROL'S MOTION TO STRIKE THE TESTIMONY OF DR. NAPPI ON THE BASIS THAT HE RELIED UPON FACTS NOT IN EVIDENCE AS THE BASIS FOR HIS OPINION.
 III. LIQUOR CONTROL WAS PREJUDICED AS A RESULT OF THE COURT'S ABUSE OF DISCRETION IN ALLOWING REBUTTAL AND DENYING ITS MOTION TO STRIKE.
 IV. THE COURT ERRED IN DENYING LIQUOR CONTROL'S MOTION FOR A DIRECTED VERDICT.
Unfortunately, appellant did not file a transcript of proceedings with the trial court or an affidavit of the evidence, as required by Civ.R. 53(E)(3)(b). Although appellant has filed a transcript of those proceedings with this court, it was not considered by the trial court and, therefore, we are precluded from considering it on appeal. State ex rel. Duncan v. ChippewaTwp. Trustees (1995), 73 Ohio St.3d 728; High v. High (1993),89 Ohio App.3d 424, 427. The Supreme Court of Ohio has held that "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Thus, our review of appellant's assignments of error is limited to determining whether the magistrate's findings of fact support his conclusions of law and, therefore, support the judgment of the trial court. Smith v. OhioDept. of Rehab. Corr. (1995), 104 Ohio App.3d 210, 213.
In appellant's first and second assignments of error, appellant challenges the magistrate's ruling allowing appellee to present rebuttal testimony and denying appellant's motion to strike Dr. Nappi's testimony based on the evidence presented. Appellant argues that Dr. Nappi's testimony should have been stricken because he assumed facts about appellee's work station that were not in evidence. Appellee asserts that this argument is false. Without a transcript, this court has no record of the proceedings and is unable to evaluate the testimony presented at the hearing. Thus, under the reasoning of Knapp, we must assume the validity of the trial court's proceedings and overrule appellant's first and second assignments of error.
In appellant's third assignment of error, it argues that the trial court abused its discretion in allowing rebuttal and denying its motion to strike, thereby prejudicing appellant. In its fourth assignment of error, appellant argues that the trial court erred in denying its motion for a directed verdict. Both assignments of error require a review of the testimony and evidence presented at the hearing. Again, without a transcript, we cannot review the testimony presented. Consequently, appellant's third and fourth assignments of error are also overruled.
Our review of the magistrate's decision indicates that sufficient findings of fact were made to support the magistrate's conclusions of law. Thus, the trial court did not abuse its discretion in adopting the magistrate's decision.
Having overruled each of appellant's assignments of error, we affirm the judgment of the trial court.
BRYANT and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.