RATCHFORD, Supt.; Appellee; Stewart, Appellant,

v.

PROPRIETORS' INSURANCE COMPANY.*

[Cite as *Ratchford v. Proprietors' Ins. Co.* (1995), 103 Ohio App.3d 192.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE07–1078.

Decided May 2, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1462, 656 N.E.2d 1298.

*Paul C. Matthews* and *Dennis McCarthy,* for appellant Thomas Stewart.

*Betty Montgomery,* Attorney General; *Emens, Kegler, Brown, Hill & Ritter, William J. Brown, John P. Brody* and *Richard Schuermann, Jr.,* for appellee Superintendent of Insurance.

---

DESHLER, Judge.

Appellant, Thomas Stewart, appeals from a decision and judgment entry of the Franklin County Court of Common Pleas, awarding appellant $27,500 in his claim against appellee, Robert L. Ratchford, Jr. (Harold T. Duryee, successor), Superintendent of Insurance, in his capacity as liquidator of Proprietors' Insurance Company ("PIC").

Appellant was serving as a winch operator on the scallop boat "DECO XII" off the coast of Long Island, New York on November 4, 1979. Another crew member of the boat became caught in the winch cable, and appellant, in going to the other crew member's assistance, similarly became caught between the winch cable and drum and was pulled around the winch head several times before the rest of the crew could cut off power and free the two trapped crew members. Appellant was evacuated by coast guard cutter and was treated initially at Good Samaritan Hospital on Long Island, New York. Appellant was then transferred to the United States Public Health Service Hospital ("USPHSH") in Norfolk, Virginia for further treatment. Appellant suffered displaced fractures of the right hand and right ankle, both of which required surgery and repair with screws or pins. Appellant also suffered a nondisplaced fracture of the right shoulder. The DECO XII was owned by Scallop King, Inc., which in turn was insured by PIC, an Ohio-domiciled company.

PIC was declared insolvent in August 1981, pursuant to then-applicable provisions of R.C. Chapter 3903. The Superintendent of Insurance assumed the role of liquidator of PIC, with the purpose of disposing of assets and settling claims against the insolvent company. Appellant asserted damages of $850,000, but the liquidator ultimately valued appellant's claim at $30,000. Appellant objected to the liquidator's valuation and requested a hearing from the Franklin County Court of Common Pleas, sitting as the "liquidation court" under R.C. 3903.05. The court conducted an evidentiary hearing on May 31, 1994, and on June 24, 1994, issued a decision finding that appellant had been able to substantiate only $20,000 for lost wages, nothing for loss of future earning capacity, nothing for permanent injury, and $7,500 for pain and suffering, giving a total award of $27,500.

Appellant has timely appealed and brings forth the following assignment of error:

"The Court of Common Pleas, Franklin County, before Judge Beverly Pfeiffer, erred in the proceedings below by excluding physician's reports by Dr. Leo Koven, a board-certified orthopedic surgeon who examined appellant in 1981 and 1982.

"The court below further erred in that it overlooked completely plaintiff's claims for maintenance and cure under the maritime law and for prejudgment interest under the maritime law, both of which were set forth in plaintiff's trial memorandum.

"The court below furthered erred in disregarding plaintiff's uncontradicted testimony concerning lost earnings.

"The court below likewise erred in ignoring uncontradicted evidence of plaintiff's permanent physical impairment resulting from his injuries, and awarding no damages for future pain and suffering or permanent injury as required by maritime law.

"The court below erred by making an award for pain and suffering which was grossly inadequate for the injuries sustained."

Initially, we must address a motion brought by appellee to dismiss appellant's appeal. Appellee raises four grounds for dismissal: First, that appellant's counsel was not properly admitted *pro hac vice* to practice in Ohio; second, that appellant's brief was not timely filed under the rules of this court; third, that appellant has failed to file a transcript of the trial court proceedings as part of the record; and fourth, that R.C. Chapter 3903 does not provide for a right of appeal from a decision of a liquidation court setting the amount of a claim.

■ Appellee's first argument under the motion to dismiss asserts that counsel for appellant, a practitioner licensed to practice law in the state of New York but not licensed to practice in Ohio, did not properly obtain *pro hac vice* admission before the liquidation court, thus vitiating the notice of appeal filed from the court's decision. The record does reflect some dilatory conduct on the part of appellant's counsel in obtaining *pro hac vice* admission in Ohio. The trial court's decision expresses some corresponding impatience with this situation but, nonetheless, proceeds to address the matter on the merits as though appellant's counsel were properly admitted:

"[A]s an initial matter, counsel for Stewart was ordered to submit documentation in accordance with Loc.R. 91 within ten (10) days. Ten business days would have been June 14, 1994. As of June 17, 1994 such documentation had not been filed with the Clerk of Courts. While not condoning counsel's complete lack of

compliance with this court's local rules and direct order, the court will, nonetheless, proceed to a determination on the merits."

■ Admission of counsel *pro hac vice* is left to the discretion of the trial court. *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 33, 27 OBR 447, 448, 501 N.E.2d 617, 619. Appellee has not cross-appealed on the issue of the trial court's decision to go forward on the merits and thus treat counsel as admitted *pro hac vice.* Moreover, the above-quoted language from the trial court decision is not particularly clear, and leaves open the possibility that counsel for appellant was ultimately admitted sometime between June 17 and the issuance of the decision on June 24, 1994. Appellee has not provided any portion of the record which would contradict this assumption, and in the absence of a record we will presume the propriety of the trial court's decision. We further note that counsel for appellant was properly granted *pro hac vice* status before this court by motion on October 14, 1994. There is therefore no basis to dismiss this appeal based on the status of appellant's trial and appellate counsel.

■ With respect to the alleged untimeliness of appellant's brief on appeal, we note that this court granted appellant's motion to file brief instanter on October 14, 1994, so that the issue is settled. The third issue raised in appellee's motion to dismiss, the absence of a transcript and other evidentiary materials from the record upon appeal, is not a ground for dismissal but will be addressed on the merits.

■ Appellee finally argues, in support of his motion to dismiss, that the statutory scheme in Ohio does not provide for an appeal from the liquidation court's determination on a disallowed claim. In 1981, R.C. 3903.21 provided the procedure for filing proofs of claim against an insolvent company in liquidation. Although R.C. Chapter 3903 was substantially amended by the General Assembly in 1983 through the adoption of the Insurers Supervision, Rehabilitation and Liquidation Model Act, R.C. 3903.08 provides as follows:

"Every proceeding to rehabilitate or liquidate an insurer commenced under the laws in effect before the effective date of sections 3903.01 to 3903.59 of the Revised Code shall be continued as it would have been continued had these sections not been enacted."

PIC-related proceedings have therefore been governed by the 1981 version of R.C. Chapter 3903. *Ratchford v. Proprietors' Ins. Co.* (1989), 47 Ohio St.3d 1, 546 N.E.2d 1299.

Appellee argues that under the Supreme Court's decision in *Ratchford,* procedural gaps in the 1981 statute are to be filled by looking to the 1983 statute. Appellee then proposes that, because the 1981 version of the statute contains no specific procedure for denial of claims, the applicable provision under the 1983

statute, R.C. 3903.39, should be applied; appellee asserts that R.C. 3903.39 must be read as making the liquidation court the final arbiter of the valuation of all claims against the insolvent company.

■ We do not believe that the Supreme Court decision in *Ratchford, supra*, stands for the proposition that post–1983 law shall govern the PIC proceedings where the 1981 statute is silent. In *Ratchford*, the Supreme Court looked to the 1983 amendments as evidence of legislative intent when construing certain sections of the 1981 statute which are not at issue in the case before us. The use of the 1983 statute in interpretation of prior statutes does not equate to an application of the 1983 statute as judicially binding in PIC liquidation matters, in direct contradiction to R.C. 3903.08.

■ Furthermore, even if R.C. 3903.39 were applicable, we do not find that this statute precludes an appeal from the liquidation court's determination in denial or modification of a claim. R.C. 3903.39 provides as follows:

"(A) When a claim is denied in whole or in part by the liquidator, written notice of the determination shall be given to the claimant or his attorney by first class mail at the address shown in the proof of claim. Within sixty days from the mailing of the notice, the claimant may file objections with the liquidator. If no such filing is made, the claimant may not further object to the determination.

"(B) Whenever objections are filed with the liquidator and the liquidator does not alter this denial of the claim as a result of the objections, the liquidator shall ask the court for a hearing as soon as practicable and give notice of the hearing in accordance with the Civil Rules to the claimant or his attorney and to any other persons directly affected, not less than ten nor more than thirty days before the date of the hearing. The matter may be heard by the court or by a court-appointed referee who shall submit findings of fact along with his recommendation."

A final order under R.C. 3903.39 issued by the Franklin County Court of Common Pleas, sitting as the liquidation court, is an appealable order under R.C. 2505.02 because it is "an order that affects a substantial right made in a special proceeding." R.C. 2505.02. We find no conflict between these two statutes, and therefore no need to determine, as urged by appellee, that R.C. 3903.39 is a special statute which restricts general appellate jurisdiction under R.C. 2505.02.

Finally, we note that appeals from a liquidation court on denials of claims have been accepted by this court in the past in connection with PIC liquidation proceedings. In the case of *Ratchford v. Proprietors' Ins. Co.* (Apr. 25, 1985), Franklin App. No. 94AP–911, unreported, 1985 WL 10266, an appeal was taken to this court from a denial of a claim filed after the cut-off date in the liquidation proceedings. The court held that former R.C. 3903.21 controlled the procedure

for proofs of claims, and ruled on that basis. We see no reason to distinguish between the timeliness issues raised in our 1985 decision, and the proof of claim issues raised in the case before us.

We therefore find that the order issued by the Franklin County Court of Common Pleas, sitting as liquidation court in this matter, was an appealable order under R.C. 2505.02, and that the appeal is properly before this court. In accordance with this conclusion and our determination with respect to the other issues raised in appellee's motion to dismiss, the motion is overruled, and the case will be considered, albeit briefly, on the merits.

Appellant argues that the damages found by the liquidation court were inadequate in that they underestimated lost earnings, failed to allow for "maintenance and cure" awardable to seamen under applicable federal maritime law, failed to consider appellant's permanent physical impairment and future pain and suffering resulting from his injuries, and that the trial court erred in excluding certain medical reports proffered by appellant. Unfortunately, as appellee has argued in connection with the motion to dismiss, appellant has failed to provide the transcript as required by App.R. 9(B). The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. We are therefore without the necessary transcript and evidentiary materials to address the liquidation court's resolution raised by appellant upon appeal, and must affirm the judgment of the Franklin County Court of Common Pleas, sitting as liquidation court in this case, in its entirety.

*Judgment affirmed.*

BOWMAN, P.J., and JOHN C. YOUNG, J., concur.