**KOWALIK, Appellant,**

v.

**KOWALIK, Appellee.**

[Cite as *Kowalik v. Kowalik* (1997), 118 Ohio App.3d 141.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 67.

Decided Feb. 25, 1997.

*Thomas E. Zena,* for appellant.

*Daniel L. Rossi,* for appellee.

VUKOVICH, Judge.

Plaintiff-appellant, Cynthia Marie Kowalik, appeals from a final order of the Mahoning County Common Pleas Court, Domestic Relations Division, dismissing her complaint for divorce upon the basis that a common-law marriage was not established.

On March 31, 1994, appellant filed a complaint for divorce against appellee. The complaint alleged that the parties had established a common-law marriage on November 4, 1987 and that there were no minor children as a result of the relationship.

Appellee subsequently filed a motion to dismiss the complaint upon the basis that there was no common-law marriage relationship between the parties.

A hearing on appellee's motion to dismiss was held before the trial court's referee on November 2, 1994. Thereafter, the referee issued her report, filed December 1, 1994, in which she found that appellant had failed to prove by clear and convincing evidence each of the elements necessary for a finding of a common-law marriage.

Appellant filed objections to the report of the referee. Upon consideration thereof, the trial court overruled the objections and adopted the findings and recommendations of the referee. Appellant then filed the instant appeal.

Appellee, in conjunction with the filing of his merit brief, filed a motion to dismiss the appeal based upon the fact that the record is incomplete because no transcript of the proceeding before the referee was provided as prescribed by App.R. 9. Appellant did not respond to that motion to dismiss.

Appellant's sole assignment of error is:

"The decision of the trial court is contrary to the facts presented and thus an abuse of discretion."

To support this assignment of error appellant points to portions of the referee's findings of fact that indicated appellant testified that the parties entered into a common-law marriage on November 4, 1987, the date when appellant moved into appellee's residence with her two children from a previous marriage. The findings of fact further indicate that appellant testified that from that day forward, the parties resided together and had sexual relations, that appellant used appellee's surname as well as her own former name, Molnar, due to the fact that she had minor children by that name, that appellant and appellee held themselves out to be a married couple to third parties, that an independent witness, Terri Yacucci, testified that appellant had introduced appellee as "her husband" in his presence, that appellee admitted that he had filed a request for life insurance by way of an application in which he listed appellant as his wife, notwithstanding appellee's testimony that he was simply trying to get a reduced premium, and that he knew he had not stated the truth on the application.

Appellant further argues that appellee provided no supporting documentation or testimony of any kind in support of his position that the parties were not married. Therefore, appellant argues that the overwhelming evidence presented in the case necessitated a finding of a common-law marriage.

In response, appellee points out that the referee's report supports the conclusion that a common-law marriage was not established by clear and convincing evidence. The report indicated that appellant and appellee had entered into a formal engagement when appellee gave appellant an engagement ring in Decem-

ber 1986, but that no marriage license application was ever taken out. Though the parties resided together from November 4, 1987, appellant used the name of Molnar on some documents and the name of Kowalik on others. While appellant testified that the parties had sexual relations, she testified that she slept on the sofa as a matter of morality, because of the children. The referee found that this latter fact tended to disprove the existence of a common-law marriage, since, if the parties were really married in appellant's mind, there would have been no need to hide from the children the fact that the parties were sharing a bedroom.

The referee further found more credible appellee's assertion that while the parties began residing together on November 4, 1987, he never followed through with his original intent to marry appellant because, after they moved in together, the relationship turned sour. Appellee testified that he never told appellant that he was her husband and that he never introduced appellant to anyone as his wife but instead introduced her as Cindy Molnar.

The referee further found that appellant had continued to use the last name of Molnar at her church, when listing her telephone number, and when applying for a driver's license, all after the date on which she and appellee supposedly agreed to marry. The referee further found that the parties never filed joint income tax returns and never owned any property jointly. Finally, the referee found that while the exhibits submitted by the parties tended to show that appellant sometimes held herself out in the community as appellee's wife by using his last name, she also held herself out in the community as Cindy Molnar and that, except for the health insurance application which appellee signed, there was no other evidence tending to prove that appellee held appellant out as his wife.

A person seeking to establish a common-law marriage must prove four elements: (1) a mutual agreement to marry in praesenti, made by parties competent to marry, (2) cohabitation as husband and wife, (3) a holding of themselves out as husband and wife in the community in which they live, and (4) being regarded as husband and wife in the community in which they live. *Ogletree v. Ogletree* (June 16, 1988), Columbiana App. No. 87–C–19, unreported, 1988 WL 67532; *Nestor v. Nestor* (1984), 15 Ohio St.3d 143, 145–146, 15 OBR 291, 292–293, 472 N.E.2d 1091, 1093–1095. The party seeking to establish the fact of a common-law marriage must do so by proving each and every element thereof by clear and convincing evidence. *Markley v. Hudson* (1944), 143 Ohio St. 163, 169, 28 O.O. 81, 84, 54 N.E.2d 304, 306–307; *In re Estate of Redman* (1939), 135 Ohio St. 554, 558, 14 O.O. 426, 428, 21 N.E.2d 659, 661.

There were two proceedings in the lower court: one before the referee and one in which the court overruled objections to the referee's report and adopted the findings and recommendations of the referee. Though appellant

argues that the decision of the court was against the weight of the evidence, appellant failed to provide a transcript of the hearing before the referee or a statement indicating that a transcript was unavailable. App.R. 9(B) provides:

"If the appellant intends to argue on appeal that a *find* or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant *shall* include in the record a transcript of all evidence relevant to the findings or conclusion." (Emphasis added.)

When no transcript is filed as provided for by App.R. 9(B), this court must affirm the lower court's decision as this court is unable to evaluate the merits of the assignment of error. *Farmers Credit Assn. v. Stoll* (1987), 37 Ohio App.3d 76, 77, 523 N.E.2d 899, 899–900; *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238–1239. Furthermore, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. *Frankenmuth Mut. Ins. Co. v. Selz* (1983), 6 Ohio St.3d 169, 172, 6 OBR 227, 229–230, 451 N.E.2d 1203, 1205.

Even restricting this court's review of the merits to the record file, there was some competent, credible evidence to support the referee's decision. Appellant failed to demonstrate that the lower court abused its discretion adopting the referee's report. Abuse of discretion implies more than an error of law or judgment; the term connotes conduct that is arbitrary, unreasonable or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Ed.* (1995), 72 Ohio St.3d 106, 107, 647 N.E.2d 799, 800–801. No such conduct was discernible from the record before this court.

Based upon the foregoing, this court cannot dispute the lower court's finding that appellant did not prove the four essential elements establishing a common-law marriage by clear and convincing evidence. Thus, appellant's sole assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Cox and Waite, JJ., concur.