Plaintiff-appellant, Sara Tillman Kotys, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, whereby the trial court granted appellant's Civ.R. 60(B) motion and reopened the divorce decree between appellant and defendant-appellee, William Nicholas Kotys, and interpreted the parties' intent regarding the division of a certain marital asset, namely an IDS Fund A Annuity ("IDS Fund").
In July 1997, the trial court terminated the parties' marriage by an agreed judgment entry decree of divorce. Paragraph four of the divorce decree provides:
 4. As and for the IDS Fund A Annuity, which is titled in the Defendant's name, there shall be a division of said account pursuant to a Qualified Domestic Relations Order wherein, based upon the value in said account as of the end of business on July 28, 1997. [sic] The Plaintiff shall receive by Qualified Domestic Relations Order, fifty percent (50%) of the value in the account as of that date and time, plus any accumulated balance based upon fifty percent (50%) of the total investment until such time as an actual division of the account occurs, pursuant to the Plan Administrator and the Qualified Domestic Relations Order. The Court shall retain jurisdiction over the division of this account as pertains to any and all steps or actions needed to carry out the parties [sic] intentions and the Order of this Court in dividing said account. The parties agree that Qualified Domestic Relations Order shall be prepared by Pension Evaluators and that the parties shall equally share in the cost of the preparation of the same.
Subsequently, the parties discovered that the IDS Fund is not subject to division by a Qualified Domestic Relations Order. Such orders are used to transfer funds from qualified retirement accounts. See 60A American Jurisprudence 2d (1988, Supp. 1999), Pensions and Retirement Funds, Sections 463-467. The parties acknowledged that the IDS Fund is a non-qualified retirement account and, thus, could only be disbursed with a surrender request form. Thus, appellant filed a motion for relief from judgment on June 22, 1998, pursuant to Civ.R. 60(B), in response to the mutual mistake surrounding the division of the IDS Fund. Because the provision dividing the IDS Fund was based on a mutual mistake, the trial court granted the Civ.R. 60(B) motion. The trial court granted the motion solely for the purpose of determining the division of the IDS Fund and any possible setoffs.
The trial court held a hearing on the division of the IDS Fund in September 1998. In October 1998, the trial court issued a decision modifying the divorce decree regarding the division of the IDS Fund. The trial court found that the parties intended for both to receive fifty percent of the value of the IDS Fund. The trial court acknowledged that fifty percent of the value of the IDS fund is $16,766.67. However, because of tax penalties and other tax issues relating to early disbursement of the IDS Fund, the trial court did not require appellee to liquidate the IDS Fund. Instead, the trial court allowed appellee to roll over $16,766.67 to appellant from another marital asset, the Mutual Quality Fund IRA.
Thus, paragraph four of the divorce decree, relating to the IDS Fund, was modified as follows:
 4. That Defendant shall retain the IDS Fund A Annuity titled in his name free and clear of any interest of Plaintiff. Plaintiff shall be compensated for her fifty percent (50%) interest as of July 28, 1997, which the parties agree is valued at $16,766.67, under paragraph 7 below.
Paragraph seven of the divorce decree, relating to the Mutual Quality Fund IRA, was modified as follows:
 7. As to the Mutual Quality Fund IRA, Account No. 3269917005, the parties acknowledge that the balance in said account as of July 25, 1997, is $151,616.34, that the Plaintiff is entitled from said sum and that the same shall be transferred into a separate account in Plaintiff's name, the sum of $94,479.02. In addition, Defendant shall, within seven days of this order, transfer from this account another $16,766.67 (which represents Plaintiff's share of the IDS Fund A Annuity in paragraph 4 above) together with any appreciation in her percentage of the total value of the account which has accumulated since July 28, 1997, into the separate account in Plaintiff's name. The Defendant shall hereafter retain the remaining balance in said account.
* * *
Appellant appeals the trial court's modifications of the divorce decree, assigning two assignments of error:
 1. The Court erred against Plaintiff in granting setoffs to Motion for Specific Acts to Civil Rule 60(B) because it is impermissible to employ Civil Rule 60 to create additional rights in favor of one party to the detriment of the other.
 2. Judicial construction of a judgment is impermissible when the judgment is unambiguous.
We will address appellant's two assignments of error together.
Essentially, in her assignments of error, appellant asserts that the trial court erred in making substantive changes to the property division in the decree. According to appellant, Civ.R. 60 does not allow the trial court to make such changes. We disagree. As a preliminary matter, we acknowledge that appellant has failed to provide a transcript of the trial court's hearing concerning the division of the IDS Fund, as required by App.R. 9(B). Appellant also failed to submit a statement of the evidence under App.R. 9(C) or an agreed statement under App.R. 9(D). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, have no choice but to presume the validity of the trial court's proceedings and affirm. Ratchford v. Proprietors' Ins.Co. (1995), 103 Ohio App.3d 192, 198. In such a case, our review is limited to issues concerning errors of law. See Smith v. OhioDept. of Rehab. Corr. (1995), 104 Ohio App.3d 210, 213.
In this case, whether Civ.R. 60 allowed the trial court to make substantive changes to the divorce decree is an issue of law that can be addressed without reviewing a transcript of the trial court's hearing. Civ.R. 60 governs the trial court's decision to grant parties relief from judgment. Under Civ.R. 60(B)(1), the trial court may relieve a party from a final judgment due to a legal or factual mistake. Kuehn v. Kuehn
(1988), 55 Ohio App.3d 245, 247. Moreover, under Civ.R. 60(B), the trial court may make substantive changes to its original decision. Kuehn, at 247.
However, Civ.R. 60(A) allows the trial court to correct inadvertent clerical errors in judgments. Dentsply Internatl.,Inc. v. Kostas (1985), 26 Ohio App.3d 116, 118; Kuehn, at 247. Civ.R. 60(A) cannot be used to change something that was deliberately done. Id. Civ.R. 60(A) does not apply to situations where the trial courts "changes its mind" as to its original decision or decree. Kuehn, at 247. Civ.R. 60(A) does not apply when a trial court makes substantive changes in its orders, judgments or decrees. Id., quoting Musca v. Chagrin Falls (1981),3 Ohio App.3d 192, paragraph one of the syllabus.
In this case, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), and not Civ.R. 60(A), due to mutual mistake concerning the division of the IDS Fund. The parties mistakenly concluded that the IDS Fund could be divided with the use of a Qualified Domestic Relations Order. Thus, the mistake involved in this case is not a mere clerical error but, rather, the mistake concerns a substantive issue as to how to divide the IDS Fund. Therefore, the trial court properly granted appellant's Civ.R. 60(B) motion to reopen the divorce decree for the purpose of determining the parties' intent with regard to the IDS Fund and, if necessary, order changes to the divorce decree to achieve the intended result.
As noted above, the trial court found that the parties intended for both to receive fifty percent of the value of the IDS Fund. The trial court did not require appellee to liquidate the IDS Fund and thereby incur unintended and unfavorable tax consequences to appellee. Instead, the trial court allowed appellee to roll over $16,766.67 to appellant from the Mutual Quality Fund IRA on the basis that appellee would already be paying appellant money from the IRA and that this could be accomplished without any present tax consequences to either party. Additionally, the trial court also found that appellee and appellant intended for each of the parties to pay taxes once they become eligible to receive their benefits, presumably at the time of retirement.
In reviewing the trial court's decision in this case, we acknowledge that a trial court's judgment regarding a division of marital property will not be disturbed on appeal absent an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218. The term "abuse of discretion" connotes more than an error of law or judgment. Id. at 219. An abuse of discretion exists where the trial court's decision is unreasonable, arbitrary or unconscionable. Id.
Moreover, as noted above, appellant did not provide us with a transcript of the trial court's hearings. In this case, a transcript is necessary to review an assignment of error as to whether the trial court erred in interpreting the parties' intent over the division of the IDS Fund. As we previously mentioned in this opinion, when portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, have no choice but to presume the validity of the trial court's proceedings and affirm. Ratchford, at 198.
Therefore, without a transcript we are unable to find that the trial court abused its discretion in concluding that the parties did not intend to liquidate the IDS Fund. In so concluding, we note that, if the parties intended to have the fund liquidated and converted to cash, the parties would not have employed a Qualified Domestic Relations Order in the original decree to divide the IDS Fund. A Qualified Domestic Relations Order provides for fair division of retirement plan benefits and not immediate cash disbursement. See Hoyt v. Hoyt (1990),53 Ohio St.3d 177, 179 (explaining the nature and function of a Qualified Domestic Relations Order).
Additionally, without a transcript we are unable to find that the trial court abused its discretion in concluding that the parties did not intend for appellee to be responsible for all taxes and penalties related to an immediate liquidation of the IDS Fund. In so concluding, we note that the parties did not indicate in the divorce decree that appellee would be responsible for all taxes and penalties in relation to the IDS Fund. Moreover, we note that the decree specifically addresses the issue of whether a party is responsible for taxes and penalties in other sections. For example, the decree indicates that appellee is responsible for any taxes and penalties owed from any past jointly filed federal and state income tax returns. As such, we conclude that the trial court did not abuse its discretion in interpreting the intention of the parties as to the division of the IDS Fund.
Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is affirmed.
Judgment affirmed.
BRYANT and BOWMAN, JJ., concur.