MEMORANDUM DECISION
Defendant-appellant, Mark Everett Craven, appeals the judgment entry and decree of divorce entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, on August 28, 1998. For the following reasons, we affirm.
The parties were married on September 11, 1993. On August 28, 1998, the trial court granted both parties a divorce on the grounds of incompatibility. Relevant to this appeal, the trial court also ordered and adjudged: (1) that appellee had purchased real estate located at 366 Amesbury Drive, Gahanna, Ohio, prior to the marriage and that as such, the real estate was her separate property; (2) that the parties owned two German shepherd dogs, that appellee was the licensed owner of these dogs under Franklin County registration records and, therefore, appellee was awarded both dogs; and (3) that each party was awarded all other personal property in their respective possession or under their respective control. On September 1, 1998, appellant timely appealed.
In his brief, appellant alleges to set forth three assignments of error in the trial court's decision. While appellant does not specifically identify or separately state these assignments of error, this court believes that appellant's position is adequately summarized by appellant when he states that the issue to be resolved by this court is as follows:
 Did Judge Twyford, in making his decision in the trial court divide the marital property (household items 
furnishings), the equity (appreciation value) of the marital real estate, and the buisness [sic] of the two canine German shepherds (Craven's K-9 Companions) equally, or did he abuse his discretion in his decision?
In sum, appellant alleges that the trial court erred in failing to award appellant any of the appreciation value in the real estate acquired by appellee before the marriage, erred in awarding both of the German shepherd dogs to appellee, and erred in dividing the remaining personal property.
An appellant bears the burden of showing error by reference to matters in the record. See App.R. 12(A)(1)(b) (2);Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. As such, App.R. 9(B) places the burden on an appellant to order a transcript of the trial court proceedings and make it a part of the record. In addition, App.R. 9(B) specifically provides:
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.
When no report of the trial proceedings was made or when a transcript is otherwise unavailable, App.R. 9(C) permits an appellant to submit a statement of proceedings subject to certain time restrictions, the objections of appellee, and the approval of the trial court. Similarly, App.R. 9(D) authorizes the parties to submit an agreed statement of the case in lieu of the record.
If an appellant fails to provide such materials, the appellate court "has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, supra, at 199. "The law in Ohio is clear that, where an authenticated transcript of proceedings in a trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court, upon appeal, to dismiss the appeal or affirm the judgment of the court from which the appeal is taken."State v. Render (1975), 43 Ohio St.2d 17, 21; see, also,Ratchford v. Proprietors' Ins. Co. (1995), 103 Ohio App.3d 192,197. The same rules apply even though the appellant proceeds prose. See, e.g., Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357.
Here, appellant has failed to provide this court with a transcript of the proceedings below, a statement of proceedings authorized by App.R. 9(C), or an agreed statement of the case as authorized by App.R. 9(D). Appellant's failure in this regard mandates that we overrule all of appellant's alleged errors.
As noted above, the trial court found that the real estate had been purchased by appellee prior to the marriage, and as such, constituted her separate property. See R.C.3105.171(A)(6)(a)(ii) (separate property includes real property acquired by one spouse prior to the date of the marriage). Thus, while appreciation to separate property may constitute marital property, it is so only if said appreciation is "due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. 3105.171(A)(3)(a)(iii); see, generally, Baker v. Baker (1992), 83 Ohio App.3d 700, 704
(evidence that wife made improvements to husband's separate real property sufficient to allow the trial court to award wife an interest in the appreciation of the property). Appellant argues that appreciation to the real estate during the marriage resulted from such marital contributions. However, absent a factual record supporting either the existence of such appreciation or that it resulted from marital contributions, we cannot find that the trial court abused its discretion in failing to credit appellant for such appreciation.
Similarly, we cannot find that the trial court abused its discretion as to its disposition of the dogs or the remaining personal property. Appellant contends that this division of property was not equitable. See R.C. 3105.171(B) (court shall divide the marital and separate property equitably). However, a reviewing court should not review discrete aspects of property division out of the context of the entire award. James v. James
(1995), 101 Ohio App.3d 668, 680. Thus, absent a factual record showing that the ultimate disposition of property as a whole was inequitable, appellant cannot show that he was prejudiced by any error allegedly made in awarding appellee any particular object or objects of property.
For the foregoing reasons, all of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.