OPINION
Appellant John Marinucci appeals a judgment of the Stark County Common Pleas Court, Family Court division, divorcing the parties, dividing marital property, and awarding spousal support to appellee Joann Marinucci:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DECLARING THE REAL PROPERTY SITUATED AT 2462 FONTANA, MASSILLON, OHIO TO BE 56.3% SEPARATE PROPERTY OF WIFE.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT VALUED THE FAMILY HOME AT $130,000.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED SUSTENANCE ALIMONY WITHOUT INDICATING THE BASIS FOR ITS AWARD IN SUFFICIENT DETAIL TO ENABLE A REVIEWING COURT TO DETERMINE THAT THE AWARD IS FAIR, EQUITABLE, AND IN ACCORDANCE WITH THE LAW.
ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED THE APPELLEE-WIFE ATTORNEY'S FEES.
 I, II, and IV
A transcript of the proceedings was not filed as part of the record in the instant case. Assignments of Error I, II, and IV all claim that the court abused its discretion in factual findings supporting the judgment. In the absence of a transcript of proceedings, we cannot resolve these evidentiary questions. When portions of the transcript which are necessary for resolution of the assigned errors are omitted from the record, the reviewing court has no choice but to presume the validity of the lower court's proceedings and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. At oral argument, counsel for appellant orally moved to supplement the record with the transcript of the proceedings. On August 19, after oral argument, appellant filed a motion seeking to amend the record by filing the transcript. The record reflects that appellant filed a praecipe seeking a transcript from the court reporter. Counsel for appellant represented that he paid the court reporter for the transcript and received a transcript. He argued that he assumed the court reporter would file the transcript as part of the record, and therefore took no action to see that the transcript was filed. We overrule appellant's motion to supplement the record. App. R. 9 and 10 clearly place on the appellant the duty to insure that a transcript of the proceedings is filed, if necessary for resolution of the issues presented on appeal. See Ratchfort v. Proprietor's Insurance Company (1995), 103 Ohio App.3d 192,198 (the duty to provide a transcript for appellate review falls upon the appellant, because the appellant bears the burden of showing error by reference to matters in the record). The record in the instant case reflects that notice was sent to counsel for the parties on April 15, 1999, informing them that the record was filed in the Court of Appeals without the transcript of the proceedings. Appellant took no action at that time to move to supplement the record with the transcript of proceedings. Further, appellee's brief was filed on August 2, 1999, raising the issue of failure to provide a transcript. However, appellant took no action at that time to supplement the record. We decline to allow appellant to supplement the record after oral argument, particularly as appellee has filed a brief without having access to the transcript, which apparently is in appellant's possession. The first, second, and fourth are overruled.
 III
Appellant argues that the court made insufficient factual findings to support an award of spousal support. He argues that the court did not specifically enumerate the factors found in R.C. 3105.18 (C). The court ordered appellant to pay appellee $300 per month for a period of 17 months, followed by $750 for an additional 43 months. In the judgment entry, the court specifically indicated that it considered the criteria set forth in R.C. 3105.18. While the court does not separately discuss each separate factor found in the statute, the 46 page judgment entry does include findings relevant to the statutory factors. Findings of Fact 3, 4, and 28 discuss income, earning ability, age and health, and retirement benefits. These statutory factors are set forth in R.C. 3105.18(C)(1)(a) through (d). R.C. 3105.18
(C)(1)(e) provides that the duration of the marriage is a factor to consider; Finding of Fact 2 addresses this issue. In Findings of Fact 44 through 49, under the heading of "Spousal Support," the court delineates the monthly expenses for the parties, and makes findings concerning appellee's ability to obtain work. The court's judgment facially demonstrates that it considered the statutory factors in determining spousal support. In absence of the transcript of the proceedings, we cannot find an abuse of discretion in that award. The third assignment of error is overruled.
The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.
By Gwin, J., Wise, P.J., and Hoffman, J., concur