Defendant-appellant, Scott Rothgeb, appeals his conviction in the Franklin County Municipal Court for assault and complicity to commit assault. In so doing, appellant raises the following single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY ALLOWING THE PROSECUTOR TO COMMENT ON THE CREDIBILITY OF WITNESSES, THEREBY DENYING APPELLANT A FAIR TRIAL IN CONTRAVENTION OF CRIM. R. 33.
In his single assignment of error, appellant argues that during closing arguments in the jury trial below, the prosecutor improperly commented as to the credibility of one of appellant's witnesses. In support, appellant filed a transcript of the prosecution's closing argument, which includes the following exchange:
 [Prosecutor]: Then we turn over to the defense witnesses. Mr. Rothgeb testified, his son testified, Mr. Hopkins testified. I will start with Mr. Hopkins first. I don't know where Mr. Hopkins came from. I didn't think his testimony was that credible.
MR. SHAW: Objection.
THE COURT: Overruled; final argument.
 MR. TOBIAS: You will be the ones to decide how credible he is. * * * [Tr. 6.]
Appellant contends that the trial court erred when it overruled his counsel's objection to the prosecutor's comment concerning Mr. Hopkins' credibility.
The conduct of a prosecuting attorney during trial is not a ground for error unless that conduct deprives the defendant of a fair trial. State v. Loza (1994), 71 Ohio St.3d 61, 78. Thus, the test for prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected the substantial rights of the accused.State v. Lott (1990), 51 Ohio St.3d 160, 165. A conviction will be reversed only where it is clear beyond a reasonable doubt that, absent the prosecutor's remarks, the jury would not have found appellant guilty. State v. Benge (1996), 75 Ohio St.3d 136, 141. Here, even assuming that the prosecution's comment was improper, appellant cannot show that this comment affected the outcome of the jury trial because appellant has failed to provide a transcript of the trial court proceedings other than the prosecution's closing argument.
An appellant bears the burden of showing error by reference to matters in the record. See App. R. 12(A)(1)(b) and (2); Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. As such, App. R. 9(B) places the burden on an appellant to order a transcript of the trial court proceedings and make it a part of the record. In addition, App. R. 9(B) specifically provides:
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.
When no report of the trial proceedings was made or when a transcript is otherwise unavailable, App. R. 9(C) permits an appellant to submit a statement of proceedings subject to certain time restrictions, the objections of appellee, and the approval of the trial court. Similarly, App. R. 9(D) authorizes the parties to submit an agreed statement of the case in lieu of the record.
If an appellant fails to provide such materials, the appellate court "has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, supra, at 199. "The law in Ohio is clear that, where an authenticated transcript of proceedings in a trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court, upon appeal, to dismiss the appeal or affirm the judgment of the court from which the appeal is taken."State v. Render (1975), 43 Ohio St.2d 17, 21; see, also,Ratchford v. Proprietors' Ins. Co. (1995), 103 Ohio App.3d 192,197.
Absent a transcript of the evidentiary portion of the trial court, we cannot determine what effect, if any, the prosecution's comments may have had on the jury. As such, appellant cannot establish reversible error. Appellant's single assignment of error is not well-taken and overruled.
The judgment of the Franklin County Municipal Court is hereby affirmed.
BOWMAN and BROWN, JJ., concur.