OPINION
{¶ 1} Defendant-appellant, Neil M. Bergman, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, ordering defendant to pay $4,531.51 in attorney fees to plaintiff-appellee, Patty L. Bergman, defendant's ex-wife. Defendant assigns a single error:
The trial court erred when it abused its discretion by awarding plaintiff-appellee excessive attorney fees.
Because defendant has failed to provide this court with the transcript and evidentiary materials necessary to evaluate the merits of his appeal, and because the record before us does not demonstrate that the trial court erred or abused its discretion in the award of attorney fees to plaintiff, we affirm.
 {¶ 2} The parties were married on January 7, 1984, and have one child, Kyle Bergman, born July 2, 1986. On April 8, 1994, plaintiff filed a complaint for divorce; an Agreed Judgment Entry Decree of Divorce was filed with the court on May 25, 1995. Under the terms of the divorce decree, plaintiff was awarded certain real property for which defendant was ordered (1) to execute and deliver a quit claim deed to plaintiff upon her demand, and (2) to pay a second mortgage existing on the property. On that same day, the trial court entered a decree approving a shared parenting plan under which defendant was ordered to pay plaintiff child support in the amount of $663 per month until the parties' child reaches the age of 18 or finishes high school, whichever is later.
 {¶ 3} Plaintiff subsequently filed motions for contempt and attorney fees, and the trial court conducted a hearing on July 2 and 3, 2001. At the conclusion of the hearing, the trial court found defendant in contempt for his failure to pay both child support and the second mortgage on plaintiff's home as previously ordered. The court awarded plaintiff approximately $4,000 she requested for attorney fees incurred in prosecuting the contempt motions, and it sentenced defendant to 30 days incarceration, to be suspended provided defendant complied with an order of the court to purge his contempt.
 {¶ 4} At a hearing held on January 24, 2002, the court found defendant had paid the second mortgage and purged his contempt in that regard. The court reaffirmed its previous award of attorney fees to plaintiff, specifically awarding her $4,531.51, to be paid by defendant within 120 days of the hearing. On August 20, 2002, the court filed a judgment entry reflecting its previous findings and attorney fees award to plaintiff.
 {¶ 5} In this appeal, defendant does not challenge the trial court's findings of contempt against him, but contests the award of attorney fees to plaintiff. Defendant contends the trial court failed to make the findings required to award attorney fees under R.C. 3105.18(H), specifically (1) whether defendant had the ability to pay the attorney fees awarded, and (2) whether, in the absence of an award, the parties would be prevented from fully litigating their rights. Defendant also challenges the reasonableness of the attorney fees award, contending the itemized bill plaintiff's counsel submitted, which the court stated it was awarding fully, included needless and unnecessary contempt motions plaintiff filed, as well as services unrelated to the motions for contempt.
 {¶ 6} As a preliminary matter, we note that, although required by App.R. 9(B), the record does not contain a complete transcript of the trial court's proceedings relating to the contempt motions and the attorney fees award with which defendant takes issue. Instead, the record contains a partial transcript only of the hearing held on July 2 and 3, 2001, regarding plaintiff's motions for contempt and award of attorney fees. The partial transcript appears to reflect, at least in part, the trial court's oral decision rendered at the conclusion of the hearing. The partial transcript, however, does not contain the testimony and evidentiary materials presented at the two-day hearing, including testimony regarding plaintiff's itemized attorney bill that defendant challenges, all of which are necessary to our determination of the "reasonableness" of the attorney fees awarded. The record also does not contain any transcripts for any subsequent hearings, if any, relating to the contempt proceedings and the attorney fees award.
 {¶ 7} The duty to provide a transcript for appellate review falls upon the appellant, who bears the burden of showing error by reference to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197; Ratchford v.Proprietors' Ins. Co. (1995), 103 Ohio App.3d 192, 198. When portions of the transcript necessary for resolution of an assigned error are omitted from the record, this court must affirm the trial court's decision, as this court is unable to evaluate the merits of the assignment of error. Knapp;Ratchford; Kowalik v. Kowalik (1997), 118 Ohio App.3d 141,144-145; Maloney v. Maloney (1986), 34 Ohio App.3d 9, 11.
 {¶ 8} Because we are without the necessary transcript and evidentiary materials to properly evaluate the merits of defendant's assignment of error, defendant's assignment of error is not well-taken. Moreover, to the extent the merits of defendant's assignment of error can be evaluated based upon the limited record before us, the record does not demonstrate that the trial court erred or abused its discretion in ordering defendant to pay plaintiff's attorney fees.
 {¶ 9} In both its oral decision issued on July 3, 2001, and the August 20, 2002 judgment entry on that decision, the trial court granted plaintiff's request for attorney fees upon finding defendant in contempt for his failure to pay child support and the second mortgage on plaintiff's home, as the court previously ordered. On appeal, defendant asserts the trial court failed to make findings required under R.C. 3105.18(H) in awarding the attorney fees.
 {¶ 10} The record, however, does not reflect that the attorney fees were awarded under R.C. 3105.18(H). R.C. 3109.05(C) provides:
If any person required to pay child support * * * is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and requirethe person to pay any reasonable attorney's fees of any adverseparty, as determined by the court, that arose in relation to theact of contempt[.]
(Emphasis added.)
 {¶ 11} Under R.C. 3109.05(C), "attorney fees are automatically assessed to the adverse party[.]" McEnery v.McEnery (Dec. 21, 2000), Franklin App. No. 00AP-69. Specifically, upon the trial court's finding defendant in contempt for failure to pay child support, the trial court was required to order defendant, as the party in contempt, to pay plaintiff's attorney fees relating to the contempt proceedings. R.C. 3109.05(C); Harper v. Harper, Franklin App. No. 01AP-1314, 2002-Ohio-4320, ¶ 45; Miller v. Miller, Butler App. No. CA2001-06-138, 2002-Ohio-3870, ¶ 23. In contrast with R.C.3105.18(H), R.C. 3109.05(C) does not require the trial court to determine the offending party's "ability to pay" or to determine that, absent an award, a party will be prevented from fully litigating his or her rights. McEnery, supra.
 {¶ 12} Finally, in addition to the record's failure to include the statement of fees plaintiff's attorneys submitted, the record does not show that defendant filed an objection in the trial court to the amount of the attorney fees awarded. Therefore, defendant has waived his right to raise an issue on appeal as to the amount of the attorney fees award. Harper, ¶ 47.
 {¶ 13} Based on the foregoing, we overrule defendant's single assignment of error and affirm the trial court's judgment awarding plaintiff attorney fees in the amount of $4,531.51.
Judgment affirmed.
Brown and Wright, JJ., concur.
WRIGHT, J., retired, of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.