DECISION
{¶ 1} Plaintiff-appellant, Eugene Wilson, appeals from a judgment of the Franklin County Municipal Court in favor of defendants-appellees, Jim Benjamin ("Benjamin") and Benjamin Floor Company, Inc., on plaintiff's action for breach of contract. Because the record lacks a transcript of the trial proceedings or an App.R. 9(C) statement, we affirm.
 {¶ 2} On November 27, 2002, plaintiff filed a complaint in the Small Claims Division of the Franklin County Municipal Court against Jim Benjamin, dba Benjamin Floors. Plaintiff asserted Benjamin and he entered into a written contract, plaintiff performed all conditions precedent to the contract, but defendant breached the contract by refusing to allow plaintiff to perform in accordance with their agreement. On plaintiff's motion, the case was transferred from the Smalls Claims Division to the regular division of the Municipal Court.
 {¶ 3} Plaintiff subsequently amended his complaint, and ultimately filed a second amended complaint that named Benjamin Floor Company, Inc. as an additional defendant. Following discovery, Benjamin filed a motion for summary judgment, contending he could not be liable individually on plaintiff's complaint. The trial court overruled the motion and heard the matter in a bench trial on August 22, 2003.
 {¶ 4} On August 27, 2003, the trial court filed its judgment entry that contained findings of fact and conclusions of law regarding plaintiff's claim that defendants breached their contract with plaintiff. Contrary to plaintiff's contentions concerning the alleged contract, the trial court concluded "the document was intended by the parties to be a proposal to perform work not a binding contract. * * * As such, the court finds that a contract did not exist between plaintiff and defendants Jim Benjamin and Benjamin Floor Co." (Judgment Entry, 4.) On that premise, the trial court rendered judgment for defendants. Plaintiff appeals, assigning the following errors:
ASSIGNMENT OF ERROR 1
The Trial Court erred when it found that the contract from Marriott had been [m]odified;
ASSIGNMENT OF ERROR 2
The Trial Court erred when it found that the Marriott informed Mr. Benjamin that the old carpet pads would remain;
ASSIGNMENT OF ERROR 3
The Trial Court erred when it found that no person was utilized in the hauling capacity that the Plaintiff proposed;
ASSIGNMENT OF ERROR 4
The Trial Court erred when it concluded that the terms [of the parties contract] [sic] "I Eugene Wilson will take up carpet at Hotel and haul it dump 150 rooms will do 10 or 20 rooms a day $35.00 a room" to be ambiguous;
ASSIGNMENT OF ERROR 5
The Trial court erred when it concluded that "Thus, an ambiguity exists about whether this document is a[n] estimate or a contract;
ASSIGNMENT OF ERROR 6
The Trial Court erred when it concluded that the document was intended by [t]he parties to be a proposal to perform work not a binding contract[;]
ASSIGNMENT OF ERROR 7
The Trial Court erred when it found that a contract did not exist, even though Defendant Jim Benjamin signed the document as an acceptance[;]
ASSIGNMENT OF ERROR 8
The Trial Court erred when it concluded that Plaintiff's exhibit 1 is simply a proposal.
 {¶ 5} Because they ultimately determine plaintiff's assigned errors, we initially address the procedural aspects of plaintiff's appeal. Although App.R. 9(B) requires a transcript of the trial court proceedings with which plaintiff takes issue, the record does not contain a transcript of the bench trial conducted in the municipal court. Instead, the briefs of the parties reference an App.R. 9(C) statement which may, in some instances, substitute for a transcript of the trial court proceedings, and which plaintiff asserts the trial court failed to finalize. Although defendants seem to acquiesce that such a filing exists, neither the record nor docket statement reflects such a document for the trial court's review and approval.
 {¶ 6} Moreover, the duty to provide a transcript for appellate review falls upon plaintiff, who, as appellant, bears the burden of showing error by reference to matters in the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197; Ratchford v. Proprietors' Ins. Co.
(1995), 103 Ohio App.3d 192. When portions of the transcript necessary for resolution of an assigned error are omitted from the record, this court must affirm the trial court's decision, as this court is unable to evaluate the merits of the assignments of error. Knapp;Ratchford; Kowalik v. Kowalik (1997), 118 Ohio App.3d 141,144-145. Further, to the limited extent the trial court's judgment entry in this case can be evaluated to determine the merits of plaintiff's assigned errors, the record does not demonstrate that the trial court erred in finding plaintiff is not entitled to prevail.
 {¶ 7} According to the trial court's findings of fact, plaintiff and Benjamin met in early 2002. Plaintiff offered to use his hauling business to haul away old carpet from a large carpet installation job that defendants were to perform for the Courtyard by Marriott Hotel. Plaintiff faxed a work proposal to Benjamin on September 5, 2002, with the understanding that work would begin on the project in two days. Benjamin reviewed the document, added additional information, signed the document in the area indicated "acceptance of proposal," and return faxed it to plaintiff. The only terms of the faxed document that the trial court included in its entry state "I Eugene Wilson will take up carpet at Hotel and haul it to dump 150 rooms and will do 10 or 20 rooms a day $35.00 a room." (Judgment Entry, 2.)
 {¶ 8} The trial court's findings state that all work on the project was delayed for two months. Plaintiff contacted Benjamin at the end of November, and Benjamin explained that because the Marriott contract had been modified, he did not require plaintiff's hauling services. Benjamin used no one in the hauling capacity that plaintiff proposed, and plaintiff never performed any work pursuant to his proposal. According to the entry, Benjamin did not intend to enter into a contract with plaintiff, but simply agreed to the price in plaintiff's proposal, clarifying that he "frequently submits bids to general contractors similar to Plaintiff's proposal. Then if his general contractor gets the job, the bid serves as a firm commitment for the listed price. The actual contract is negotiated later." (Judgment Entry, 2.)
 {¶ 9} The trial court found the terms of the document to be ambiguous, and explained that "[t]he ambiguity pertains to whether or not the removal of carpet is a condition precedent to payment. Furthermore, the printed portion of the proposal form immediately above Mr. Wilson's signature states `(a)ny alteration or deviation from above specifications involving extra costs will be executed only upon written order, and will become an extra charge over and above the estimate.' (Emphasis added.) Thus, an ambiguity exists about whether this document is a[n] estimate or a contract." (Judgment Entry, 3.)
 {¶ 10} Having found an ambiguity, the trial court considered the parole evidence the parties submitted and concluded "that the document was intended by the parties to be a proposal to perform work not a binding contract." (Judgment Entry, 4.) As the court stated, "[d]efendant clearly did not intend to be bound to pay for work not performed by the plaintiff. Likewise, plaintiff has failed to prove that any services were rendered by him that would serve as consideration for a contract." Id.
 {¶ 11} Whether an accepted proposal ever can be a contract we need not determine. Rather, the evidence before the trial court determined the nature of the parties' dealings. Here, based on all of the evidence before it, the trial court determined the proposal was an estimate on which Benjamin could call should he need the services plaintiff offered. Because we lack the transcript of the proceeding before the trial court, we cannot conclude the evidence does not support the trial court's determination. Further, because the trial court's pertinent findings of fact support its salient conclusions of law, the record provides no basis for our determining any merit in any of plaintiff's assigned errors. Accordingly, we overrule plaintiff's eight assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
Klatt and Watson, JJ., concur.